In re CITICORP PARK ASSOCIATES,
Debtor.

CITICORP PARK ASSOCIATES,
Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY
and the City of South Portland,
Maine, Defendants.

Bankruptcy No. 94–20573(11).
Adv. No. 94–2061.

United States Bankruptcy Court,
D. Maine.

Oct. 25, 1994.

Robert J. Keach, Bernstein, Shur, Sawyer & Nelson, Portland, ME, for plaintiff.

Leonard M. Gulino, Portland, ME, for defendant Aetna Life Ins. Co.

Daniel Cummings, Norman, Hanson & DeTroy, Portland, ME, for defendant City of South Portland.

*MEMORANDUM OF DECISION*

JAMES A. GOODMAN, Chief Judge.

On July 27, 1994, Debtor Citicorp Park Associates ("Citicorp") filed for protection under Chapter 11 of the Bankruptcy Code. Citicorp's main asset consists of a parcel of land in South Portland together with the buildings thereon. Aetna Life Insurance Company ("Aetna") has a secured claim against Citicorp for approximately $8.9 million, and Citicorp asserts that the value of the property securing this claim is about $4.15 million. In addition, Citicorp's bankruptcy schedules list the City of South Portland as the holder of a claim in the amount of $172,654.43 for unpaid property taxes, and general unsecured claims of an additional $98,000.

On September 21, 1994, when Citicorp became aware that Aetna was attempting to either pay the tax claim of the City of South Portland (the "Claim"), or purchase the Claim and accept an assignment, Citicorp commenced an adversary proceeding against

Aetna[1] seeking a Temporary Restraining Order.[2] Citicorp contends that Aetna's actions regarding the Claim were in violation of the automatic stay provision of 11 U.S.C. § 362(a) as an attempt to enforce a lien. As support for this proposition, Citicorp cites cases which state that a post-petition tax lien sale held by a municipality violated the automatic stay because it was an act to enforce a tax lien. *See In re Formisano*, 148 B.R. 217, 221–24 (Bankr.D.N.J.1992); *In re Haight*, 52 B.R. 104, 105 (Bankr.S.D.N.Y.1985). The instant case, however, does not concern a tax lien sale, but simply a purchase of a tax claim by a third party. As stated by Judge Hershner in *Matter of Georgia Steel, Inc.*, 71 B.R. 903 (Bankr.M.D.Ga.1987), "the automatic stay provisions of the Bankruptcy Code do not prohibit a creditor of a debtor from transferring any interest or claim it might have against the debtor's bankruptcy estate to a third party. Such a transfer merely substitutes the party that holds the interest or claim against the debtor's bankruptcy estate, and such transfer does not serve to increase or decrease the interest or claim the party asserts against the debtor's bankruptcy estate." *Id.* at 909. This Court is satisfied that Aetna's attempt to either pay the Claim or buy the Claim from the City of South Portland is neither improper nor a violation of the automatic stay.

■ Citicorp further alleges that because under Maine law only the taxpayer can own and enforce a tax claim, the City of South Portland can not assign or sell the Claim. If creditors have a right to buy or sell claims, as this Court so rules, then whether they accomplished the transaction for purposes of injunctive relief becomes moot.

Citicorp has failed to demonstrate that it would either succeed on the merits or suffer any irreparable injury. *Lancor v. Lebanon Housing Authority*, 760 F.2d 361, 362 (1st Cir.1985); *Spath v. National Collegiate Athletic Association*, 728 F.2d 25, 27 (1st Cir. 1984). The basic facts necessary to this decision were undisputed. The parties have had ample opportunity to present the issues orally and in briefs. Citicorp's motion for a temporary restraining order is denied and its complaint for injunctive relief is dismissed.

---

**1.** On October 3, 1994, Citicorp filed an amended complaint naming the City of South Portland as an additional party-defendant.

**2.** Aetna maintains that it paid the Claim and took an assignment. For purposes of this decision, it is irrelevant whether Aetna purchased the Claim and took an assignment, or whether Aetna simply paid the Claim.