**In re Bernard J. DAVIS, Debtor and Appellee.**

**Fidelity Financial Services, Inc., Appellant,**

v.

**Montgomery County Department of Human Resources, Appellee.**

**No. Civ.A.99–T–093–N.**

United States District Court, M.D. Alabama, Northern Division.

Aug. 6, 1999.

---

Richard C. Dean, Jr., Montgomery, AL, for plaintiff.

Earl Gillian, Jr., Montgomery, AL, for debtor.

Curtis Cleveland Reding, Jr., Montgomery, AL, for trustee.

Glenn Doyle Zimmerman, District Attorney's Office, Montgomery, AL, for appellee.

*OPINION*

MYRON H. THOMPSON, District Judge.

Appellant Fidelity Financial Services, Inc. challenges three orders of the United States Bankruptcy Court for the Middle District of Alabama allowing a late filed proof of claim for child support to be a part of a Chapter 13 bankruptcy plan. Appellees Montgomery County Department of Human Resources and Bernard J. Davis respond that the appeal was not timely filed and lacks merit. The court heard oral argument on July 28, 1999. For the reasons that follow, this court holds that it has jurisdiction to hear Fidelity's appeal of the three orders and that one of the orders should be vacated and this matter remanded to the bankruptcy court for further consideration.

## I. STANDARD OF REVIEW

Acting in an appellate capacity, this court reviews the factual findings of a bankruptcy court for clear error, and questions of law are reviewed *de novo*. *In re Patterson*, 967 F.2d 505 (11th Cir.1992).

## II. BACKGROUND

In February 1997, Bernard Davis filed for bankruptcy under Chapter 13 of the Bankruptcy Code in the Bankruptcy Court for the Middle District of Alabama. The clerk of the court then issued a notice of the bankruptcy petition to all of Davis's creditors, including Fidelity Financial Services, Inc., and the Montgomery County Department of Human Resources. The notice advised these creditors that the deadlines for filing proofs of claim against the bankruptcy estate would be June 4, 1997, for private creditors and August 4, 1997, for government agencies.

Fidelity filed a proof of claim on March 12, 1997. The Human Resources Department claims to have "mailed" a proof of claim on February 21, 1997, but such mailing was never filed by the clerk of the bankruptcy court. Not until March 20, 1998, did the department ever *file* a proof of claim.

In June 1997, the bankruptcy court officially approved Davis's bankruptcy plan. Notwithstanding the fact that no proof of claim from the Human Resources Department had yet been filed, the plan included the department's claim, which arises from Davis's child-support obligations. The plan further provided for 100% repayment of all unsecured creditors, including Fidelity. Fidelity did not appeal or otherwise object to this plan.

Almost a year later, Davis filed a motion in bankruptcy court to modify the 1997 plan. He sought to reduce the repayment of his unsecured creditors from 100% to 0% on the grounds that the Human Resources Department's claim was larger than expected and that an unexpected student-loan claim had been filed after entry of the earlier plan. Fidelity objected to the modification and contested the student-loan and the Human–Resources–Department claims on the ground that they were untimely filed.

The bankruptcy court held a hearing on Fidelity's objection and its contest and, on September 30, 1998, issued two orders. The first disallowed the student-loan claim as untimely but allowed the Human Resources Department's claim, despite its untimeliness, "because it involves the protec-

tion of Debtor's children and because a disallowance would result in possible criminal proceedings against Debtor, which would jeopardize this plan."[1] The second order approved an amended bankruptcy plan over Fidelity's objection.

Fidelity filed a "motion for reconsideration" on October 8, 1998. After a hearing, the bankruptcy court entered a third order, denying the motion on November 13, 1998. Fidelity then filed a notice of appeal on November 19, 1998—six days after entry of the order denying its motion for reconsideration and 50 days after entry of the orders allowing the Human Resources Department's claim and approving Davis's amended plan over Fidelity's objections. Fidelity seeks to appeal all three orders.

### III. DISCUSSION

#### A.

■ As a threshold matter, the Montgomery County Human Resources Department and Davis challenge this court's jurisdiction to hear Fidelity's appeal on the ground that the notice of appeal was untimely filed. In general, a notice of appeal must "be filed within 10 days of the date of the entry of the judgment, order, or decree appealed from," Fed.R.Bankr.P. 8002(a), and this court has no jurisdiction over an untimely bankruptcy appeal. *See In re Morrow*, 564 F.2d 189, 190 (5th Cir.1977) (failure to file timely notice of appeal is a jurisdictional matter).[2] If, however, a party "makes a timely motion of a type specified immediately below," the time for ap-

peal is tolled until such motion has been resolved. Fed.R.Bankr.P. 8002(b).

> "This provision applies to a timely motion:"
> (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;
> (2) to alter or amend the judgment under Rule 9023;
> (3) for a new trial under Rule 9023; or
> (4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment.

*Id.*

■ Fidelity did not file any one of the four tolling motions listed in Rule 8002(b). Rather, it filed a motion for reconsideration of claims "pursuant to 11 U.S.C. § 502(j) and Bankruptcy Rule 3008."[3] These provisions authorize a court to reconsider an order allowing or disallowing a claim against the bankruptcy estate, but they do not by themselves toll the appeals period.[4] As a result, Fidelity's notice of appeal would not be timely if its reconsideration motion had implicated only § 502(j) and Bankruptcy Rule 3008.

■ Fidelity correctly asserts, however, that its appeal is timely because its motion for reconsideration was filed not only pursuant to Bankruptcy Rule 3008 but also pursuant to Bankruptcy Rule 8002(b). In the language of subpart (2) of Rule 8002(b), its reconsideration motion was also a motion "to alter or amend the judgment under Bankruptcy Rule 9023."[5]

> "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case."

Bankruptcy Rule 3008, in turn, provides,

> "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order."

---

1. Order on objection to claims entered September 30, 1998, at 1.

2. In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3. Fidelity's motion for reconsideration, filed October 8, 1998, at 1.

4. The relevant part of § 502(j) provides:

5. Fidelity makes this bald assertion for the first time in its reply brief. *See* reply brief of appellant, filed March 17, 1999, at 1. The

Rule 9023 of the Federal Rules of Bankruptcy Procedure provides that "Rule 59 F.R.Civ.P. applies in cases under the [Bankruptcy] Code, except as provided in Rule 3008."[6] Thus, for those in the law profession who are more familiar with the Federal Rules of Civil Procedure than with the Federal Rules of Bankruptcy Procedure, Rule 9023 is akin to Rule 59 of the Federal Rules of Civil Procedure, which allows for alteration or amendment of final orders or judgment within ten days of entry. Although Fidelity's motion for reconsideration makes no reference to Bankruptcy Rule 9023 or Civil Rule 59, it does indeed ask the court in its prayer for relief "to alter or amend" the order confirming Davis's amended bankruptcy plan over Fidelity's objections.[7]

■■■ In keeping with the liberal pleading philosophy of the Federal Rules, it is undoubtedly the motion's substance, and not merely its form, that should determine its legal effect. *Cf.* Fed.R.Bankr.P. 7007 (incorporating Rule 7 of the Federal Rules of Civil Procedure); 2 James Wm. Moore, et al., Moore's · Federal Practice § 7.03[4][a] (3d ed. 1999) ("In the absence of a showing of prejudice, the substance of a motion rather than its form will usually be considered."). Liberal construction has

its limits, though, and this court may not rewrite an otherwise deficient motion in order to create jurisdiction. *See GJR Investments, Inc. v. County of Escambia, Florida,* 132 F.3d 1359, 1369 (11th Cir. 1998); *Peterson v. Atlanta Housing Authority,* 998 F.2d 904, 912 (11th Cir.1993).

The substance of Fidelity's motion reveals it to be one *not only for reconsideration of claims under § 502(j) and Bankruptcy Rule 3008 but also one to alter or amend a judgment under Bankruptcy Rule 9023.* The motion is a classic timely request under Civil Rule 59 (and in bankruptcy court under Bankruptcy Rule 9023) that a court reconsider a final order or judgment, and, as a result, the time for appeal was tolled pending resolution of the motion. Accordingly, the court has jurisdiction over all three orders of the bankruptcy court.

**B.**

■■ A bankruptcy court has the power to reconsider any claim "for cause." 11 U.S.C.A. § 502(j); *see also* Fed.R.Bankr.P. 3008 (prescribing the procedure for motions to reconsider claims).[8] What constitutes cause in any given case is "discretionary with the court." Fed.R.Bankr.P.

---

brief contains no argument on this point. The Human Resources Department not yet had an opportunity to respond.

6. Rule 59 provides, in part, that:

"(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

... "(e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." The filing of Civil Rule 59 motion, like that of a motion filed pursuant to Bankruptcy Rule 9023 as embodied in Bankruptcy Rule 8002(b), tolls the time for filing an appeal. *See* Fed.R.App.P. 4(a)(4).

7. Fidelity's motion for reconsideration, filed October 8, 1998, at at 3–4 (prayer for relief). "Upon a hearing of this motion, Fidelity Financial Services, Inc. requests the court to disallow the claim of the Montgomery County Department of Human Resources and upon doing so to alter or amend its 'Order on Confirming Plan Over Objection' to increase the amount of monies being paid to unsecured creditors to the original amount of 100%." *Id.*

8. *See supra* note 4.

3008, advisory committee note; *see also In re International Yacht and Tennis, Inc.*, 922 F.2d 659, 663 (11th Cir.1991) (per curiam) (holding that a bankruptcy court had abused its discretion in denying a motion for reconsideration of claims filed under Rule 3008).

■ Although what constitutes cause is "discretionary with the bankruptcy court," this discretion does not give the bankruptcy court the authority to act arbitrarily or to be freewheeling. In other words, the standard is not standardless. The question for this court—and a question that has yet to addressed in the case law—is, What does § 502(j)'s "for cause" standard entail?

■ Bankruptcy Rule 3008, which implements § 502(j), "does not specify when a motion for reconsideration must be filed," but a motion filed "under Rule 3008 will be considered timely if filed within the time permitted by Rule 9024." [9] 9 Collier on Bankruptcy ¶ 3008.01[3] (Lawrence P. King, ed., 15th ed.1999). What the cause standard entails should depend on, among other things, when the motion to reconsider a claim is made. If it is made before final judgment, the cause standard usually should be that standard that courts typically use in reconsidering orders made before entry of final judgment; if the motion is made within ten days of final judgment, the standard usually should be that standard that governs Bankruptcy Rule 9023, which incorporates in part Civil Rule 59; and if the motion is made more than ten days after a final judgment, the standard usually should be that standard that governs Bankruptcy Rule 9024, which incorporates in part Rule 60 Federal Rules of Civil Procedure.[10] Here, because Fidelity filed its motion for reconsideration within ten days of a final order, Bankruptcy Rule 9023 and Civil Rule 59 should govern.[11]

■ With its reconsideration motion, Fidelity sought to bring to the bankruptcy court's attention that, under 11 U.S.C.A. § 502(b)(9), the court has no discretion but to disallow untimely claims if an interested party objects.[12] Although the court gener-

---

**9.** Bankruptcy Rule 9024, which is also mentioned in Rule 8002(b), is akin to Rule 60 of the Federal Rules of Civil Procedure. Rule 9024 provides:

> "Rule 60 F.R.Civ.P. applies in cases under the [Bankruptcy] Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330."

*See infra* note 10.

**10.** Civil Rule 60 provides, in part:

> "(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation."

The filing of a Civil Rule 60 motion, like that of a motion filed pursuant to Bankruptcy Rule 9024 as embodied in Bankruptcy Rule 8002(b), tolls the time for filing an appeal only if it is filed within ten days. *See* Fed. R.App.P. 4(a)(4).

**11.** *See supra* note 8.

**12.** Section 502(b)(9) provides:

ally agrees with Fidelity's interpretation of § 502(b)(9), *see Matter of Greenig*, 152 F.3d 631, 633–34 (7th Cir.1998); 4 Collier on Bankruptcy ¶ 502.03[10][a] (Lawrence P. King, ed., 15th ed.1999); the current record does not convince the court that the Human Resources Department's claim was untimely.

Timeliness is governed by bankruptcy Rule 3002. The rule provides:

"In a ... chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows:"

(1) A proof of claim filed by a governmental unit is timely filed if it is filed not later than 180 days after the date of the order for relief. On motion of a governmental unit before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the governmental unit.

(2) In the interest of justice and if it will not unduly delay the administration of the case; the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

The Human Resources Department filed its claim pursuant to a state law that authorizes appropriate state agencies to pursue child support obligations. In particular, § 38–10–7 of the 1975 Alabama Code provides:

"Whenever anyone owing the obligation of support has failed to provide support, and application is made to the department for support services as may be provided pursuant to the requirements of Title IV–D or for aid, the department, and including the district attorney when providing services for the department, may take appropriate action under this article, or any other appropriate state and federal statutes, to assure that the responsible person or persons owing the obligation of support provide support, including, but not limited to, civil or criminal actions to determine paternity and to establish or enforce support obligations. All actions to determine paternity and to enforce support obligations may be brought in either the juvenile court or district court or the circuit court or appropriate federal court...."

"(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—"

...

"(9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide."

According to representations made by counsel for the Human Resources Department during oral argument on July 28, 1999, the money that the state agency collects under § 38–10–7 is turned over to the child's custodian—which may or may not be the child's natural parent—for the benefit of the child. It thus could be that, under state law, these child support payments are the child's.

As already noted, subpart (2) of Bankruptcy Rule 3002 provides that, "In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an *infant* or incompetent person or the *representative* of either." (Emphasis added.) It is noteworthy that subpart (2) differs from subpart (1), which allows for extension of the time for filing claims by governmental units, in that subpart (1)'s language requiring that an extension motion be filed "before the expiration of [the time] period" is absent in subpart (2).

There appears to be no case law and very little treatise analysis, *see, e.g.,* 9 Collier on Bankruptcy ¶ 3002.RH[1] (Lawrence P. King, ed., 15th ed.1999), interpreting subpart (2) of Rule 3002, and the parties and the bankruptcy court below did not expressly address its possible application here.[13] This court will therefore vacate the order of the bankruptcy court, entered on November 13, 1998, denying the reconsideration motion, and remand this matter to the bankruptcy court for consideration, after input from the parties, of whether it properly allowed the Human Resources Department's tardy proof of claim pursuant to subpart (2) of Rule 3002.

---

13. In interpreting and applying Rule 3002 on remand, the bankruptcy court should keep in mind the Supreme Court case law holding that statutes of limitations that restrict the rights of illegitimate children to being claims for financial support may be subject to heightened scrutiny under the equal protection clause of the fourteenth amendment to the United States Constitution. *See, e.g., Clark v. Jeter,* 486 U.S. 456, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988).