In re Bernard J. DAVIS, Debtor.

Bankruptcy No. 97–0641–DHW.

United States Bankruptcy Court,
M.D. Alabama.

Nov. 22, 1999.

Earl Gillian, Jr., Montgomery, AL, for Debtor.

Richard C. Dean, Jr., Montgomery, AL, for Fidelity Financial Services, Inc.

Glenn D. Zimmerman, Deputy District Attorney, Montgomery, AL, for State of Alabama.

## OPINION ON REMAND

DWIGHT H. WILLIAMS, Jr.,
Bankruptcy Judge.

This matter comes before the court on remand from the United States District Court for the Middle District of Alabama. The issue on remand is whether this court properly allowed the claim tardily filed by the Montgomery County Department of Human Resources. For the reasons that follow, this court holds that the challenged claim was properly allowed.

### I. Jurisdiction

This court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334. Allowance or disallowance of claims against the estate is a core proceeding pursuant to 28 U.S.C. § 157(a)(2)(B).

### II. Background

Bernard J. Davis filed a voluntary petition for relief under chapter 13 of title 11 on February 5, 1997. The court fixed June 4, 1997 as the bar date for private creditors to file proofs of claim; the court fixed August 4, 1997 as the bar date for

governmental agencies to file proofs of claim. The clerk of court issued notice of the bar dates to all creditors.

The court confirmed the debtor's proposed chapter 13 plan in June 1997 without an objection by any party in interest. The plan provided, *inter alia,* that allowed claims of unsecured creditors would be paid in full.

The Montgomery County Department of Human Resources filed a proof of claim tardily on March 20, 1998 on behalf of the debtor's minor child for child support arrearages.[1]

Due in part to the amount of the claim, the debtor moved to modify the confirmed plan to reduce from 100% to 0% the amount to be paid on claims of unsecured creditors.[2]

Creditor Fidelity Financial Services, Inc. filed an objection both to the proof of claim and to the motion to modify the plan. The court allowed the claim though tardily filed because the claim "involves the protection of debtor's children and because disallowance would result in possible criminal proceedings against debtor, which would jeopardize this plan." *See* September 30, 1998 Order. The court approved the modified plan over Fidelity's objection with payments to unsecured creditors fixed at 60%.

Fidelity filed a timely motion to reconsider allowance of the claim and approval of the modified plan. The motion was denied on November 16, 1998.

Fidelity appealed to the United States District Court for the Middle District of Alabama from the following three orders of the bankruptcy court: the order allowing the claim, the order approving modification of the plan, and the order denying Fidelity's motion to reconsider.

On appeal, Fidelity argued that the bankruptcy court "has no discretion but to disallow untimely claims if an interested party objects." *See Fidelity Financial Services, Inc. v. Montgomery County Department of Human Resources (In re Davis),* 237 B.R. 177 (M.D.Ala.1999).

The district court stated that "the current record does not convince the court that the ... claim was untimely." *Id.* The district court vacated the order denying the motion to reconsider and remanded the matter to consider whether the claim was properly allowed under Fed. R. Bankr.Proc. 3002.[3]

Fed. R. Bankr.Proc. 3002(c)(2) allows the court to extend the time for filing a proof of claim by an infant or incompetent person or the representative of either if in the "interest of justice" and "if it will not unduly delay the administration of the case."

Following remand, the bankruptcy court held an evidentiary hearing on November 8, 1999 at which the department called two witnesses: Jacqueline Stovall and Tiwana Smith.

Jacqueline Stovall is the former wife of the debtor and mother of the debtor's five-year old child, Keondrel Davis. Ms. Stovall testified that she has had continuous custody of Keondrel Davis and that no one besides herself has received any child support payments on behalf of Keondrel Davis. Further, Ms. Stovall testified that she has never assigned her right to receive support payments to the Human Resources Department and that she has nev-

---

1. While the department contends that it mailed a proof of claim to the clerk of this court on February 21, 1997, the court file does not reflect receipt of such claim.

2. The motion states that the child support claim was "larger than expected" and that an "unexpected student loan claim was filed."

3. In so doing, the district court instructed the bankruptcy court to consider the Supreme Court's holding in *Clark v. Jeter,* 486 U.S. 456, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988) wherein the Court held that statutes of limitations that restrict the rights of illegitimate children to bring claims for financial support may be subject to heightened scrutiny under the equal protection clause of the fourteenth amendment to the United States Constitution.

er received welfare or other public assistance.

Tiwana Smith is employed by the Human Resources Department and is custodian of the department's child support records. Ms. Smith testified that no public aid was paid either to Ms. Stovall or her child, Keondrel Davis.

Fidelity did not call any witnesses or present other evidence. Also at the hearing, the court considered arguments of counsel regarding the interpretation of Fed. R. Bankr.Proc. 3002(c)(2).

### III. Discussion

■ Fed. R. Bankr.Proc. 3002 implements 11 U.S.C. § 502 relating to the filing and allowance of proofs of claim. 11 U.S.C. § 502 compels the court, upon objection, to disallow untimely filed proofs of claim. However, Rule 3002(c)(2) confers discretion to extend the time for filing a proof of claim by an infant or incompetent person or the representative of either if in the "interest of justice" and "if it will not unduly delay the administration of the case."

Upon consideration of the testimony at the hearing following remand, the court finds that the Montgomery County Department of Human Resources filed the claim as a representative of the minor child. The real claimant is Keondrel Davis. The claim has not been assigned to the Department of Human Resources nor has the minor child's mother received public assistance with respect to the claim. The department filed the claim on the minor's behalf pursuant to Ala.Code. § 38–10–7 (1975).[4]

■ Having concluded that the instant proof of claim was filed by a representative of an infant, the court must determine whether the "interest of justice" will be served by extending the time for filing a claim in this case. In so doing the court will look first to public policy considerations.

Congress placed great importance, throughout the Bankruptcy Code, on upholding familial responsibilities. For example, periodic alimony and support obligations are not dischargeable under 11 U.S.C. § 523(a)(5). Likewise, periodic alimony and support payments are entitled to priority over most other unsecured debts pursuant to 11 U.S.C. § 507(a)(7). Further, claims entitled to priority under § 507 are entitled to full payment in chapter 13. 11 U.S.C. § 1322(a)(2). The automatic stay imposed by 11 U.S.C. § 362 does not prevent the commencement or continuation of an action or proceeding to establish paternity or to establish or modify an order for periodic alimony or support. Hence, in giving extraordinary protections to children under the Bankruptcy Code, Congress has established a public policy in favor of allowing these types of claims.

Secondly, the court will consider *Clark v. Jeter*, 486 U.S. 456, 108 S.Ct. 1910, 100 L.Ed.2d 465 (1988) as instructed by the district court.[5] In *Clark*, the Court held that statutes of limitations which restrict the rights of illegitimate children to bring claims for financial support may be subject to heightened scrutiny under the equal

---

4. Alabama Code § 38–10–7 (1975) provides:
   Whenever anyone owing the obligation of support has failed to provide support, and application is made to the department for support services as may be provided pursuant to the requirements of Title IV–D or for aid, the department, and including the district attorney when providing services for the department, may take appropriate action under this article, or any other appropriate state and federal statutes, to assure that the responsible person or persons ow-

ing the obligation of support provide support, including, but not limited to, civil or criminal actions to determine paternity and to establish or enforce support obligations. All actions to determine paternity and to enforce support obligations may be brought in either the juvenile court or district court or the circuit court or appropriate federal court...

5. *See* n. 3, *supra*.

protection clause of the fourteenth amendment to the United States Constitution.

The Bankruptcy Rules recognized that problems might arise if infants and incompetent persons were rigidly held to the claims bar dates established for other creditors. Congress relaxed the bar date for infants in two respects. First, the bar date for filing claims of infants may be extended "in the interest of justice" and "if it will not unduly delay the administration of the case." Rule 3002(c)(2). Second, the bar date for filing claims of infants, unlike claims of governmental units, may be extended even after the time for filing has expired. *See* Rule 3002(c)(1).

The court concludes that the Rule 3002 does not violate the equal protection rights of infants or incompetents. Instead, the Rule grants heightened protection to infants and incompetents to insure that they are afforded due process under the law.

Finally, the court turns to the question of whether the allowance of this claim would "unduly delay the administration of the case." Rule 3002(c)(2). Bankruptcy Judge Steele held that if this claim were disallowed, the debtor would be subjected to possible criminal contempt sanctions in state court. He reasoned that if the debtor was incarcerated, the debtor could not make payments under the plan, and the plan would in all likelihood fail. The court's finding has practical bearing on the issue of the administration of this estate. If this claim is disallowed, and if the debtor is incarcerated as a result of the violation of a state court child support order, the likelihood of further administration is bleak. Therefore, the court finds that the administration of this chapter 13 case is not unduly delayed by the allowance of this claim.

### IV. Conclusion

Based upon the foregoing findings of fact and conclusions of law, the court concludes that the time for filing the claim of the Montgomery County Department of Human Resources on behalf of Keondrel Davis is due to be extended under Fed. R. Bankr.Proc. 3002(c)(2), and the claim is due to be allowed. The motion to reconsider is due to be denied.

A separate order will enter in consonance with this opinion.