**In re Michael N. ALTMAN, Debtor.**

**Prin Corporation, Movant,**

**v.**

**Michael N. Altman, Respondent.**

**Bankruptcy No. 94–51898.**

**Nos. 378, 379, 385, 393, 411, 415, 429.**

United States Bankruptcy Court,
D. Connecticut.

May 19, 2000.

---

Douglas E. Spelfogel, Berkman, Henoch, P.C., Garden City, NY, for Prin Corporation.

James Berman, Zeisler & Zeisler, P.C., Bridgeport, CT, for Altman.

## MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT

ALAN H.W. SHIFF, Chief Judge.

Prin Corporation filed proofs of claim in the aggregate amount of $1,069,910.50 to which the debtor Michael Altman has objected. Although it might appear that Altman has asserted the instant objections because he contends that Prin Corp. is not the proper holder of those claims, *see Altman's December 8, 1999 memorandum of law* at 3, it is apparent from his papers that he seeks to challenge the underlying judgments rather challenging Prin Corp.'s standing to enforce them. *Id. at 8; July 13, 1999 Objections to Proofs of claim 12 and 13.* In response Prin Corporation, filed the instant motion for summary judgment, asserting that the debtor's objection should be overruled because its proofs of claim are predicated on the final judgments of the United States Bankruptcy Court for the Southern District of New York. The motion is granted, and the debtor's objection is overruled for the reasons that follow.

### BACKGROUND

While familiarity with this court's decision in *In re Altman,* 230 B.R. 6 (Bankr. D.Conn.1999), *appeals pending,*[1] is presumed, the following facts, which are not disputed, provide some additional context. The obligation underlying the challenged proofs of claim arises from Altman's personal guaranty of a July 27, 1988 note in the amount of $800,000.00 that Cambridge Factors, Inc., a financing company, gave to Altman's alter-ego company, Altman Fine Arts, Inc. ("AFA"). *See id.* at 8–9; *April 3, 2000 Joint Stipulation* at Exh. A. AFA

---

1. The pendency of the appeals, which challenge the appointment of a trustee and the finding that the Miller painting is property of the estate, does not affect this court's jurisdiction over the unrelated instant dispute which

addresses the question whether and to what extent Prin Corp.'s claims should be allowed. *See In re Overmyer,* 136 B.R. 374, 375 (Bankr. S.D.N.Y.1992) (court lacks jurisdiction to alter or amend an order on appeal).

and Altman subsequently defaulted on their obligations under the note, and on October 22, 1991, Cambridge, AFA, and Altman entered into a settlement agreement. *Id.* at 9. On May 5, 1992, Cambridge filed a chapter 11 petition in the Southern District of New York. That case was converted to chapter 7 on May 4, 1993. On November 15, 1993, the Cambridge trustee commenced an adversary proceeding against Altman and AFA, seeking to set aside the settlement agreement as a fraudulent conveyance and recover all sums due under the note. *See Joint Stipulation* at Exh. B.

The Cambridge trustee obtained two final judgments against Altman and/or AFA as a result of that litigation. The first judgment entered against Altman on November 18, 1993 in the amount of $5,791.00 as a sanction for his failure to comply with discovery. *See Joint Stipulation* at ¶ 7 and Exh. C. The second judgment entered against Altman and AFA on August 19, 1994 in the amount of $1,063,319.50 as a sanction under Rule 37, F.R.Civ.P., after the court found them in civil contempt for a continued failure to comply with a discovery order. *Id.* As a further sanction under that rule, the court struck their answer and affirmative defenses. *Id.* On September 29, 1994, Altman filed a chapter 11 petition in this court, and on December 16, 1994, the Cambridge trustee filed the instant two proofs of claim in the amounts of the judgments obtained in the Cambridge case. *See Proofs of Claim 12* and *13.*

On February 29, 1996, the Cambridge trustee agreed to sell and assign to Prin Corporation those judgments for $20,000.00, subject to higher and better offers and approval by the Bankruptcy Court for the Southern District of New York, which was obtained by the March 11, 1996 order of that court. *Joint Stipulation* at Exhs. D and E.[2] On April 26, 1996, Prin Corp. filed a claims transfer notice in this case pursuant to Bankruptcy Rule 3001(e)(2). *Id.* at Exh. F. Altman neither challenged the sale and assignment of the claims in the New York court nor their transfer to Prin Corp. here. Nonetheless, on July 13, 1999, Altman objected to the proofs of claim, contending that the judgments on which they were predicated should not preclude his right to object to those claims on their merits in this court. Specifically, Altman challenges the preclusive effect of those judgments based on Prin Corp.'s allegedly collusive acquisition of those claims and his appeal to general considerations of fairness.

## DISCUSSION

■ Prin Corp. contends that the applicable doctrine is res judicata, while Altman argues that it is collateral estoppel. That distinction is immaterial to the following arguments that Altman raises, which address an exception to either doctrine. "Special circumstances [may] warrant an exception to the normal rules of preclusion," *Montana v. United States*, 440 U.S. 147, 155, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979), including where the prior judgment was obtained by collusion, *In re Beeber*, 239 B.R. 13, 20 (Bankr.E.D.N.Y.1999).

### Collusion

■ Altman does not assert, and there is nothing in the record of this case to suggest, that the prior judgements were in

---

**2.** It is worthy of note that the debtor does not and cannot argue that the sale and assignment of a judgment creditor's claim violates the automatic stay in his case here for the reason that the assignment of the claim is not an effort to collect a debt. *See In Matter of Georgia Steel, Inc.*, 71 B.R. 903 (Bankr. M.D.Ga.1987) ("the automatic stay provisions of the Bankruptcy Code do not prohibit a creditor of a debtor from transferring any interest or claim it might have against the debtor's bankruptcy estate to a third party. Such a transfer merely substitutes the party that holds the interest or claim against the debtor's bankruptcy estate, and such transfer does not serve to increase or decrease the interest or claim the party asserts against the debtor's bankruptcy estate."), quoted in *In re Citicorp Park Assoc.*, 173 B.R. 823 (Bankr. D.Maine 1994).

any way tainted. The alleged collusion pertains only to the transfer of already existing judgments and has no bearing on the validity of those judgments.[3] Indeed, Altman does not challenge the validity of the judgment debts, only their amount.

That aside, Altman's allegations of collusion are insufficient to survive a summary judgment motion under Rule 56. In responding to such a motion, "an adverse party may not rest on ... mere allegations or denials ... but ... by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), F.R.Civ.P., made applicable here by Rule 7056, F.R.Bankr.P., Altman has not attempted to satisfy that rule.

### Fairness

█ Altman claims that it would be unfair to afford preclusive effect to the judgments because he acquiesced in their entry knowing that he would challenge them in the bankruptcy case that he would file here. Altman's reliance on *FTC v. Wright,* 187 B.R. 826, 834 (Bankr.D.Conn.1995) is misplaced. That decision should not be applied to permit him to assert defenses that were struck *as a sanction* by the bankruptcy court for the Southern District of New York because of his failure to obey its orders. To rule otherwise would encourage the disrespect of court orders.

Accordingly, the motion is GRANTED and judgment shall enter in favor of Prin Corp., and it is SO ORDERED.

---

3. Altman asserts that Prin Corp.'s acquisition of the claims of the Cambridge trustee is suspect because he was not informed of that impending agreement, which denied him the opportunity to make a competing offer. As proof of the alleged collusion, Altman asserts, without any supportive documentation, that

(1) he had previously offered to settle the Cambridge litigation for $50,000, and (2) Prin Corp.'s chairman is Benjamin Aryeh, an art dealer creditor who, together with Rafael Galleries, sought the appointment of a trustee for Altman's bankruptcy estate. *See In re Altman, supra,* 230 B.R. at 17.