In re Michael N. ALTMAN, Debtor.

**Prin Corporation, Movant,**

v.

**Michael N. Altman, Respondent.**

**No. 94–51898.**

United States Bankruptcy Court,
D. Connecticut.

Aug. 16, 2001.

---

Douglas E. Spelfogel, Berkman, Henoch, et al., P.C., Garden City, NY, for claimant Prin Corporation.

James Berman, Lawrence S. Grossman, Jeffrey R. Hellman, Zeisler & Zeisler, P.C., Bridgeport, CT, for objector Altman.

Leslie S. Barr, Jon D. Kaplon, Brauner, Baron, Rosenzweig & Klein, New York City, Sheila Denton, Pullman & Comley, LLC, Bridgeport, CT, for trustee Alan Nisselson.

Robert C. Reichert, Reid and Riege, P.C., Hartford, CT, for movant creditor Hall Galleries, Inc.

## MEMORANDUM OF DECISION AND ORDER

ALAN H.W. SHIFF, Chief Judge.

This decision addresses the contested motions for continuance, reconsideration, and approval of a settlement issue. Familiarity with this court's prior decisions, which, *inter alia,* appointed a chapter 11 trustee under § 1104(a)(1), determined whether certain property was part of the bankruptcy estate, and held that Prin Corporation is the successor in interest to claims filed here by the trustee in another bankruptcy case, is assumed. *See Prin Corp. v. Altman (In re Altman),* 248 B.R. 475 (Bankr.D.Conn.2000) and *In re Altman,* 230 B.R. 6, 13 (Bankr.D.Conn.1999), *stay pending appeal denied,* 230 B.R. 17 (Bankr.D.Conn.1999), *vacated and remanded in part,*[1] 254 B.R. 509 (D.Conn. 2000), *aff'd in part, id.* (trustee appointment), *appeal pending.*

Cambridge Factors, Inc. ("Cambridge") was a chapter 7 debtor in a case commenced in the Southern District of New York. On November 9, 1993 and July 26, 1994, the trustee for Cambridge obtained two final judgments in that court against Michael N. Altman ("Altman") and his alter ego entities. On September 29, 1994, Altman filed a Chapter 11 bankruptcy petition in this court. On December 16, 1994, the Cambridge trustee filed two proofs of claim in this case for "money loaned." *See* claims no. 12 and 13. On March 11, 1996, the New York bankruptcy court entered an order approving the assignment of the Cambridge trustee's judgments to Prin Corp. for $20,000 as the "highest and best offer." On April 26, 1996, Prin Corp. filed a Notice of Transfer of Claim Pursuant to Bankruptcy Rule 3001(e)(2) in this court, as to which Altman filed objections.

On May 19, 2000, Altman's objections were overruled, and Prin Corp.'s motion for summary judgment was granted for the reason that the Cambridge judgments, on which the Prin Corp. claim was based, were entitled to preclusive effect. *See Prin Corp. v. Altman (In re Altman),* 248 B.R. 475 (Bankr.D.Conn.2000). On May 30, 2000, Altman filed a motion for reconsideration of the summary judgment order, claiming that this court did not allow him "a full and fair opportunity to be heard on the totality of [his] defenses" to the summary judgment motion.

*Hall Galleries' Motion for Continuance of the Trial on Setoff*

■ Parenthetically, it is noted that Hall Galleries ("Hall") did not attempt to intervene or exercise its right to raise, appear, and be heard during the pretrial phase of the July 17, 2001 trial that was to address the setoff issue. As noted *infra,* Altman and Prin Corp. proposed to settle that controversy. *See* § 1109 and Rule 2018, F.R.Bankr.P.[2] On July 13, after all

---

1. The district court vacated the finding that the Miller painting was property of the estate and remanded that determination so that this court could provide Dr. Roberta Carroll an adequate opportunity to assert her interest in the painting. The parties have agreed to submit that dispute to arbitration.

2. At the August 2, 2001 hearing, Prin Corp. reserved the right to challenge Hall's status as a creditor.

discovery had been completed and trial time had been allocated, Hall sought a 90–day continuance, ostensibly to give the trustee time to decide whether he should join Altman's objection or otherwise challenge the Prin Corp. proof of claim. Hall argued that Altman could not be counted on to challenge the amount of the Prin Corp. proof of claim or appeal from any ruling that favored Prin Corp., so that creditors had to rely on the trustee to safeguard their interest. The trustee did not agree that he needed such time, and he did not join or support the motion which was heard on July 17th. For the reasons that follow, Hall's request for a continuance is denied.

■ Hall argues that its newly filed proof of claim and request for a continuance should be construed as a motion to intervene, but that contention is without merit, *see* § 1109, Rule 2018, F.R.Bankr. P., and Rule 24, F.R.Civ.P., made applicable here by Rule 7024, F.R.Bankr.P. More to the point, creditors do not have an automatic right to intervene in adversary proceedings. *In re Latimer,* 918 F.2d 136, 137 (10th Cir.1990), *cert. denied,* 502 U.S. 863, 112 S.Ct. 186, 116 L.Ed.2d 147 (1991); *Richman v. First Woman's Bank (In re Richman),* 104 F.3d 654, 658 (4th Cir. 1997); *Fuel Oil Supply and Terminaling v. Gulf Oil Corp.,* 762 F.2d 1283, 1287 (5th Cir.1985) (in order to prevent bankruptcy courts from being overwhelmed by a flood of "automatic" parties, Rule 7024 is a prerequisite to intervention). While this is not an adversary proceeding, the same rationale supports the conclusion that creditors do not have an automatic right to intervene in contested matters. Since Hall did not seek to intervene, and even if it had, its motion would have been denied, it is determined that it is not a party to this proceeding.

Moreover, it is noted that Hall's motion is untimely. *See* Rule 24(a), F.R.Civ.P., made applicable by Rule 7024, F.R.Bankr. P., and *Bernstein v. Mediobanca Banca Di Credito Finanziario–Societa Per Azioni, et al.,* 69 F.R.D. 592, 595 (S.D.N.Y.1974). *See also Salter v. Upjohn Co.* 593 F.2d, 649, 652 (5th Cir.1979) and *Raff v. Gordon,* 1986 WL 3552, *2 (E.D.Pa.1986) ("It is widely recognized that [the trial] court may require discovery to be completed by a specified time in order to prevent delay of the trial by last minute resort to the discovery process."), *citing* 8 C. Wright & A. Miller, § 2038 at 278.

■ Hall's argument does not prevail even on the merits. Hall correctly argues that a chapter 11 trustee is the only appropriate party to raise an objection to a proof of claim, and that is so with the possible exception that when a debtor in possession or trustee cannot or will not act in the best interests of the estate, an individual creditor or creditors' committee may be permitted by the court to act on behalf of the estate. That exception is not applicable here. *See, e.g., In re STN Enterprises,* 779 F.2d 901, 904 (2nd Cir.1985). Here, Hall has not claimed, much less demonstrated, that the trustee will not attempt to prosecute an objection to Prin Corp.'s proof of claim. *See In re Ngan Gung,* 254 B.R. 566, 570 (Bankr.S.D.N.Y. 2000) (discussing the fiduciary duties of a chapter 11 trustee). Indeed, at the trial, the trustee expressly reserved the right to challenge that claim. *See* 11 U.S.C. § 502(j). It must be noted, however, that this decision does not address whether the trustee has any current right to challenge the Prin Corp. proof of claim.

*Settlement of Setoff from Prin Corp.'s Allowed Claim*

■ This court's June 28, 2001 pretrial order scheduled a July 17, 2001 trial to

allow Altman to demonstrate whether and by what amount Prin Corp.'s allowed proof of claim, *see Prin Corp. v. Altman (In re Altman)*, 248 B.R. 475 (Bankr.D.Conn. 2000), should be reduced by any applicable setoff. On July 11, 2001, Altman and Prin Corp. entered into a stipulation to settle that controversy, which was presented to the court on the trial date.[3] Under the stipulation, a copy of which is attached as an appendix, the parties agreed that the amount of the setoff will be $291,200. *See* Rule 9019, F.R.Bankr.P. It is noted that Altman has reserved his right to appeal with respect to his other non-setoff bases for challenging the Prin Corp. proof of claim, *see infra* at *Reconsideration*.

Hall filed an objection to the proposed settlement, contending that it undervalues the Daniel Ridgeway Knight painting *Twilight* by $70,000. Hall also contends that the painting should not be the subject of a setoff because it is property of the estate. Finally, Hall argues that the motion is procedurally improper since it was not made pursuant to 11 U.S.C. § 553. As a remedy, Hall proposes that any setoff determination not have preclusive effect with respect to other creditors or the trustee and that the setoff should be applied so as to reduce any final distribution to Prin Corp. rather than reducing the amount of its claim.

The contention that *Twilight* is property of the estate is unavailing since Hall provided no response to Prin Corp.'s assertion that the statute of limitations had long passed on the trustee's ability to recover that painting. *See* § 546(a). Further, even if Hall had offered persuasive evidence of *Twilight's* value, that would not be a basis for disturbing the settlement of

an issue which might otherwise have been resolved in favor of Prin Corp.

Hall's reliance on § 553 is misplaced. That code section relates to mutual pre-petition debts between a debtor and a creditor. *See* § 553; *United States v. Krause (In re Krause)* 261 B.R. 218, 222 (8th Cir. BAP 2001). Here, there is no persuasive evidence of any pre-petition debt owed by Cambridge, now Prin Corp., to Altman, other than a nullified settlement agreement. *See, supra, In re Altman*, 230 B.R. 6 at 9 (referencing Exhibit O). Accordingly, the proposed settlement substantially exceeds the "lowest point in the range of reasonableness" as required in this circuit. *See* § 1109(b) and *In re Raymark Corp.*, 261 B.R. 350, 356, 359 (Bankr.D.Conn.2001) (in determining whether to approve a proposed compromise, a bankruptcy court must, *inter alia,* assess the fairness of its terms and estimate the complexity, expense, and likely duration of any unsettled litigation, as well as any difficulties in collecting a judgment).

*Altman's Motion for Reconsideration*

█ As noted, on May 30, 2000, Altman filed a motion for reconsideration of the summary judgment order, claiming that this court did not allow him "a full and fair opportunity to be heard on the totality of [his] defenses." Those defenses were specifically identified as Prin Corp.'s alleged "[collusive] acquisition of the [Cambridge] claims" and setoff, *i.e.*, "allowable amount of [those] claims after consideration of collateral that had been provided to secure the initial debt." It is noted that Altman's May 7, 1999 objection to the Cambridge trustee's proof of claim no. 13 had asserted seven reasons why that claim should be

---

**3.** At a June 26, 2001 status conference conducted off the record, the court agreed to Altman's attorney's request to extend the July

9, 2001 discovery bar date established in the pretrial order.

disallowed in whole or in part.[4] *See* docket no. 377. *See also transcript of May 23, 2001 hearing* at 5. However, Altman's motion to reconsider the summary judgment order was silent as to five of those reasons, and at the hearing, he only argued the remaining two, *i.e.*, collusive assignment of the Cambridge trustee's claims, *see infra*, and any applicable setoff, *see supra*.

■ Altman's instant reconsideration motion tolls the time for filing any notice of appeal pursuant to Rule 8002, F.R.Bankr.P. *See* Rule 8002(b)(4), F.R.Bankr.P.; *Fidelity Financial v. Montgomery County Dep't. of Human Resources (In re Davis)*, 237 B.R. 177, 182 n. 10 (M.D.Ala.1999). Because motions for reconsideration provide an opportunity for a bankruptcy court to review and, if applicable, correct any errors prior to an appeal, the instant motion must be viewed in that context. *See Rieser v. Taubman (In re Taubman)*, 1991 WL 225980, *2 (Bankr. S.D.Ohio 1991); *accord, In re Grand Builders, Inc.*, 122 B.R. 673, 675–76 (Bankr.W.D.Pa.1990); *In re Alberto*, 121 B.R. 527, 528–29 (Bankr.N.D.Ill.1990); *In re Redman Oil Co., Inc.*, 100 B.R. 945, 947–48 (Bankr.S.D.Ohio 1989). *See also Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir.1989) and *In re Davis, supra*, 237 B.R. 177 at 181–83 (vacating and remanding with the direction that the bankruptcy court reconsider whether a contested, late-filed proof of claim was an allowed claim).

■ In that context, a party who raises an issue but fails to address it in subsequent papers or at oral argument may be deemed to have abandoned that issue. *See Chebchoub v. INS*, 257 F.3d 1038 (9th Cir.

2001) (citing *Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996)); *Smalls v. Batista*, 191 F.3d 272 n. 4 (2nd Cir.1999). *See also Matosantos III*, 189 F.R.D. at 467, 472 (D.Kan.1999) ("A motion for reconsideration is not … an opportunity for the losing party to raise new arguments that could have been presented originally"); *Lazzara v. Howard A. Esser, Inc.*, 802 F.2d 260, 269 (7th Cir.1986) ("A contention included in an answer, but not pressed before the district court, may not be presented on appeal as ground for reversal"); *Kohler v. Inter–Tel Technologies*, 244 F.3d 1167, 1182 (9th Cir.2001); *Stephenson v. Davenport Comm. School Dist.*, 110 F.3d 1303, 1306 n. 3 (8th Cir.1997) (issue not raised or briefed by appellee on appeal is waived); *Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740 (8th Cir. 1985) (a party's failure to raise or discuss an issue in that party's brief is deemed an abandonment of that issue); *Buckeye Gas Prods. Co. v. Rhodes (In re Rhodes)*, 71 B.R. 206, 208 n. 2 (9th Cir. BAP 1987). Put another way, a litigant may not argue its case seriatim so that less than all of its arguments are presented to the court at the hearing and then raise others if it is not initially successful.

■ An exception to the abandonment doctrine may apply where a party would suffer an "obvious injustice" by a court's failure to consider a meritorious, but otherwise abandoned, argument. *See, e.g., Maska, U.S. Inc. v. Kansa Gen. Ins. Co.*, 198 F.3d 74, 80 (2nd Cir.1999). Altman contends that he will be prejudiced if he is not allowed to present the defenses that he raised in his claims objections. But the strategy Altman attempts to employ,

---

4. Aside from his allegations of collusive assignment and setoff, Altman's other bases for disallowance of claim no. 13 included providing him the opportunity to litigate the following: the validity of the underlying settlement agreement with Cambridge; lack of consideration; impairment of the collateral securing the claim; lack of compliance with the UCC; and accord and satisfaction. *See* docket no. 378.

whereby he resurrects new arguments once his prior ones have been determined to be unavailing, would encourage endless litigation and frustrate the summary judgment process. He cannot argue some of his objections and then, if they fail, argue others. *See Yorke v. Citibank (In re B.N.T. Terminals)*, 125 B.R. 963, 977 (Bankr.N.D.Ill.1990) ("the function of a [reconsideration] motion ... is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment"). The exception to the abandonment doctrine is therefore not applicable here, because Altman has not demonstrated any injustice in the failure to consider the five issues he identified in his claims objection, other than the assertion that the court did not consider all of his objections. Were that a cognizable basis for an exception to the abandonment doctrine, the exception would become the rule.

But even if the court were to consider the merits of those arguments, the result would not change. Altman failed to "set forth specific facts showing that there [was] a genuine issue for trial" as to the five abandoned issues. *See* Rule 56(e), F.R.Civ.P., made applicable by Rule 7056, F.R.Bankr.P., and *S.A. Empresa De Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982) ("a party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda") (cited in *U–Haul Co. of Arizona v. Saban* *(In re Saban)*, 30 B.R. 534, 538 (9th Cir. BAP 1983)).

### Collusive Assignment

At the August 2, 2001 hearing, Altman argued that this court should reconsider his claim that Prin Corp., which apparently is the alter ego of Benjamin Aryeh,[5] acquired the Cambridge judgments without providing Altman notice of the proposed assignment. Altman also argued that the assignment of the judgments to Prin Corp. was not actually conducted "subject to higher and better offers" as decreed by the New York bankruptcy court because he had previously offered $50,000 for the judgments to the Cambridge trustee, which exceeded Prin Corp.'s successful $20,000 bid.

 While there is authority that suggests that this court's jurisdiction over assignments under Rule 3001(e)(2), F.R.Bankr.P., is limited to objections raised by a purported transferor, even in the context of fraud, *see, e.g., Viking Associates v. Drewes (In re Olson)*, 120 F.3d 98, 101 (8th Cir.1997) ("where there is no dispute [by an alleged transferor], there is no longer any role for the court"), no binding authority has been found in this circuit. As a court of equity, a bankruptcy court should carefully scrutinize a timely plausible argument that a proof of claim was fraudulently assigned.[6] To rule otherwise would suggest that unless one of the parties to such fraudulent conduct objects, a bankruptcy court would be powerless to fashion an appropriate remedy. This court should not provide a forum for

---

**5.** Aryeh had successfully prosecuted the motion to appoint a trustee in this case. *See In re Altman, supra,* 230 B.R. 6, at 17.

**6.** Section 105 provides that this court
> may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of

this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

shielding fraudulent conduct from collateral attack in another forum.

The court is mindful of the superficial appearance of collusion raised by the apparent fact that the Cambridge trustee may have sold the claims for less than the highest offer to a creditor in Altman's bankruptcy case who successfully pursued the appointment of a chapter 11 trustee who, in turn, hired that creditor's attorney as special counsel to marshal the assets of Altman's estate.

Accordingly, IT IS ORDERED that Hall's motion for continuance is DENIED, and

IT IS FURTHER ORDERED that the proposed settlement establishing a $291,200 setoff to Prin Corp.'s proof of claim is APPROVED, and

IT IS FURTHER ORDERED that this court's prior denial of reconsideration is reaffirmed in all respects except with regard to the collusion issue, as to which it is VACATED, and

IT IS FURTHER ORDERED that the clerk of this court shall schedule a case management conference so that the collusion issue may be expeditiously litigated or otherwise resolved.

## APPENDIX

### STIPULATION OF FACTS WHICH ARE NOT IN DISPUTE AND RELATED RELIEF

Michael N. Altman (the "Debtor") and Prin Corp. ("Prin") by their attorneys respectfully submit the following stipulation of facts which are not in dispute and related relief with respect to the trial scheduled for July 17, 2001 on the issue detailed in the Court's First Amended Pretrial Order (the "Pretrial Order") entered on June 28, 2001.

IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE DEBTOR AND PRIN AS FOLLOWS:

1. As of July 11, 2001, the discovery bar date, the only post-judgment (August 19, 1994) payments and/or assets that the Debtor and Prin have determined were received by Cambridge Factors, Inc. ("Cambridge") are listed below and have an aggregate value of $211,200 consisting of recoveries by the trustee ("Cambridge Trustee") of Cambridge in its bankruptcy case in the Southern District of New York and detailed in the Cambridge Trustee's final report as follows:

(i) $1,200 from Albany Gallery;

(ii) $10,000 from Thacher, Profit & Wood; and

(iii) $200,000 from a painting by Rubens entitled "David Struggling with the Bear."

Accordingly, Debtor and Prin agree that Proof of Claim No. 13 shall be reduced by $211,200 based upon the foregoing.

2. As of July 11, 2001, the discovery bar date, the only post-judgment (August 19, 1994) payments and/or assets that the Debtor and Prin have determined were received by Prin is receipt of a painting by Daniel Ridgeway Knight, named Twilight (the "Twilight Painting") which is presently being held by Prin. The Debtor asserts that given the time constraints imposed by the Court for concluding discovery, he has not been able to marshal evidence sufficient to establish any further setoffs by Prin and that given additional time he would be able to marshal evidence of further setoffs. Prin asserts that there was ample time provided for discovery and that there are no further setoffs other than detailed herein. The Debtor and Prin agree that the value of the afore-referenced asset for purposes of setoff is $80,000, and Proof of Claim No. 13 shall be further reduced by $80,000 representing

the value of the Twilight Painting as stipulated herein.

3. With respect to the painting (the "Miller Painting") sometimes known as Women on a Terrace Giverny, by Richard Miller, which is the subject of litigation in this Court, the Debtor and Prin agree that should Prin receive such painting or a portion of the proceeds from any disposition thereof by virtue of the assertion of Prin's security interest in the Miller Painting, and not through a distribution as a general unsecured creditor in the bankruptcy estate, (i) the value of such painting as agreed by the parties or, in the event they can not agree, as fixed by the Court, or (ii) the portion of the proceeds from liquidation of such painting in the Bankruptcy Case which are received by Prin, shall be deemed an additional setoff, and shall result in a further reduction of Proof of Claim No. 13. Notwithstanding the afore-referenced, the parties acknowledge that any amount received by Prin as a general unsecured creditor will reduce the judgment amount owed to Prin.

4. In addition to the foregoing, the Debtor asserts that Prin's retention of the Twilight Painting precludes Prin from seeking further recovery on Proof of Claim No. 13. Prin disputes the foregoing and asserts that the issue is not one of set off and that such issue can not be considered as part of the instant Trial. The Debtor intends to seek a ruling by the Court at the commencement of the Trial as to whether this issue may be heard in conjunction with the instant Trial. Prin intends to object to the Debtor's request.

5. The within stipulation is without prejudice to and Prin expressly reserves all rights to assert its entitlement to interest and attorneys fees on the Claims based upon the amounts owed to Prin both prior to and subsequent to the reduction of the Claims as detailed above. The Debtor reserves all rights to object to any such request. In addition, the Debtor and Prin expressly acknowledge that nothing contained herein shall be deemed a waiver of either party's right to appeal any issues raised by or in conjunction with the instant Trial and/or the orders and directions of the Court relating thereto.

6. This Stipulation is deemed to have been jointly drafted and represents the entire and complete integration of the agreement of the parties to this Stipulation with respect to the subject matter hereof and is and shall be binding upon the parties.

7. This Stipulation may be executed in counterparts and by facsimile with the original signatures to be provided as soon as practical thereafter.

Dated: July 11, 2001.