**In re Gerald S. BAKKE, and Katherine Bakke, Debtors.**

**Bankruptcy No. B–97–07759–PHX–RGM.**

United States Bankruptcy Court, D. Arizona.

Sept. 28, 1999.

Edmund Y. Nomura, Phoenix, AZ, for debtors.

Lynn Anderson Koller, Tucson, AZ, for Rocca.

Charles M. Duffy, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for the IRS.

Lothar Goernitz, Phoenix, AZ, Chapter 7 Trustee.

Alan A. Meda, Scottsdale, AZ, for Chapter 7 Trustee.

## ORDER DISMISSING ROCCA'S OBJECTION TO THE IRS'S AMENDED PROOF OF CLAIM

ROBERT G. MOOREMAN, Bankruptcy Judge.

This matter is before the Court pursuant to the Internal Revenue Service's ("IRS") Motion to Dismiss regarding on objection to the IRS's Amended Proof of Claim. A hearing was held August 11, 1999 on this matter and a further status hearing was set and held on September 13, 1999 after which the matter was taken under advisement. After due consideration of the pleadings, the record herein, and under the present posture of the case, the Court finds and concludes the following in making its decision.

1. Debtor filed a voluntary Chapter 7 Bankruptcy petition on June 11, 1997.

2. On June 4, 1998 Bernice Rocca, individually and as the Trustee of the Rocca Family Revocable 1992 Trust (collectively, "Rocca"), filed an unsecured claim in the amount of $4,789,731.71.[1]

3. On December 18, 1998 the IRS filed an Amended Proof of Claim whereby they asserted a priority tax claim of $89,768.49 for taxes and interest.

4. On December 23, 1998 Rocca filed an objection to the IRS's Amended Proof of Claim.

5. On February 12, 1999 The Chapter 7 Trustee, Lothar Goernitz, filed an objection to the IRS's Amended Proof of Claim.

6. On April 7, 1999 the Chapter 7 Trustee lodged an order disallowing a portion of the IRS's priority tax claim.

7. On April 12, 1999 the Court entered the order lodged by the Chapter 7 Trustee which disallowed a portion of the Amended Proof of Claim (Claim No. 16) filed by the IRS and allowed a priority tax claim in the amount of $60,510.97.[2]

8. On June 10, 1999 the IRS filed the present Motion to Dismiss the Objection Filed by Bernice Rocca individually and as Trustee of the Rocca Family Revocable 1992 Trust to the IRS's Amended Proof of Claim. The IRS also filed a separate Memorandum in Support of the United States' Motion to Dismiss. The IRS argues that Ms. Rocca is a general unsecured creditor of the Debtor and that she does not have standing to object to the IRS's Amended Proof of Claim. The IRS states that 26 U.S.C. § 6672 allows it to assess taxes against individuals who are "responsible" for the non-payment of withheld payroll taxes and that the section 6672 claims in this case are derived from the failure by one or the other of the Debtors to pay to the IRS federal payroll taxes withheld from the wages of employees of two separate corporations. The IRS also argues that the Chapter 7 Trustee filed an objection to the IRS's Amended Proof of Claim. The IRS also claims that the Chapter 7 Trustee did not properly serve the federal government in order to allow the federal government a full opportunity to respond to the objection. However the IRS also points out that the order entered by the Court apparently disallowed the pre-petition interest portion of the claim and certain other amounts set forth on the IRS' Amended Proof of Claim; the order also did allow the tax portion of

---

1. The Court notes that Bernice Rocca previously filed an Adversary Proceeding, Adv. No. 97–657 on September 18, 1997; and that on January 28, 1998 the Court entered a default judgment in the amount of $4,789,731.71, plus interest, and the Court held that the debt owed was non-dischargeable pursuant to 11 U.S.C. § 523(a)(2).

2. The Court notes that the IRS has indicated in its Reply filed in support of the present Motion to Dismiss Rocca's Objection to its Proof of Claim, that it is the IRS's position that the Chapter 7 Trustee failed to properly serve the objection to the IRS's Amended Proof of Claim (Claim No. 16), and that the order entered by the Court is therefore void or voidable. The Court further notes that the IRS has not filed any further pleadings regarding this position.

the IRS's section 6672 claims in the aggregate amount of $60,510.97.

The IRS argues that the general rule is that individual creditors do not have standing to object to another creditor's proof of claim in a case where a trustee has been appointed, unless the objecting creditor applies to the trustee to object to the claim. The trustee must then refuse to otherwise object to the claim and then the court may authorizes the objecting creditor to proceed. The IRS argues that in the present case that the Chapter 7 Trustee has not refused to object to the IRS's claim, but instead, the Chapter 7 Trustee has attempted to and did in fact object to the IRS's claim although notice is questionable under the Code.

9. On June 17, 1999 Rocca filed a Response to the IRS's Motion to Dismiss the Objection to the IRS Amended Proof of Claim. Rocca argues that her counsel made a request for the Chapter 7 Trustee to object to the IRS's Amended Proof of Claim. Rocca states that the Chapter 7 Trustee has not responded to the request. Rocca also argues that there has been no proof that an actual assessment has been made against Mr. Bakke and that a portion of the alleged section 6672 assessment is for withholding taxes that became due before the Debtor owned any interest in the corporations. Further, Rocca argues that another substantial portion of the alleged section 6672 assessment is for withholding taxes for the quarter after Mr. Bakke was ousted from the corporation by the previous owners. Rocca acknowledges that there is non-controlling case law regarding whether a creditor can object to the proof of claim of another creditor, but Rocca argues that there are no Ninth Circuit cases on point and that this Court should not follow "non-controlling case law." Rocca also argues that the Chapter 7 Trustee has only offered a token objection to the interest portion of the IRS' Amended Proof of Claim and that the Chapter 7 Trustee has to date refused to bring an objection regarding the tax portion of the IRS's Amended Proof of Claim.

Therefore, even if the Court does accept the "non-controlling case law," it should allow Rocca to proceed with its objection. Rocca also notes that the IRS has argued that the Chapter 7 Trustee has failed to properly serve its objection on the United States and that the IRS has therefore argued that the order disallowing the claim is void or voidable. Rocca argues that the IRS cannot stop Rocca's objection by stating that the Trustee has already objected and then in the same breath, argue that the Trustee's service was improper or ineffective. Rocca urges the Court to allow it to proceed with its objection to the IRS's Amended Proof of Claim.

10. On June 30, 1999 the IRS filed a Reply to Rocca's Response. The IRS agrees that the cases cited in support of its position regarding whether a creditor could pursue an objection in a case where a trustee had been appointed may not be directly binding on this Court, but the Court should nonetheless follow that line of cases because they are well reasoned and applicable to the facts presented in this case. The IRS argues that Rocca does not have standing to proceed having not been granted permission by the Court to do so, and that the Rocca objection to the IRS's Amended Proof of Claim should be dismissed.

The Court finds and concludes on this record that the line of cases which hold that when a trustee has been appointed, the debtor or other creditors do not have standing to object to the claims of another creditor unless specifically granted by the Bankruptcy Court are both well reasoned and on point in this particular case. *See In re Sun OK Kim,* 89 B.R. 116, 117–18 (D.Haw.1987); *First Bank Billings v. Feterl Mfg. Co. (In Re Parker Montana Co.),* 47 B.R. 419, 421 (D.Mont.1985); *Werth v. First Interstate Bank of Denver, N.A. (In re Werth),* 54 B.R. 619, 622 (D.Col.1985); *International Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Ludwig Honold Mfg. Co. (In re Ludwig Honold Mfg. Co.),* 30 B.R. 790, 792 (Bankr.E.D.Pa.1983); and 4 *Collier on Bankruptcy,* ¶ 502.02[2](d) (Matthew

Bender, 15th Ed. Revised 1996); *see also In re Morpheus Lights, Inc.*, 228 B.R. 449, 453 (Bankr.E.D.Cal.1998) (chapter 11 case, stating general rule and applying rule to a general creditor in case where unsecured creditors committee appointed).

■ The Court hereby adopts the reasoning in these cases and holds that a creditor does not have standing to object to the claims of another creditor in a case where a trustee has been appointed. The Court further holds herein that in order for a creditor or the debtor to obtain standing to object to another creditor's claims in such a case, the objecting party must first request the trustee to object to the claim, the trustee must refuse to object to the claim, and the Bankruptcy Court may then authorize the creditor or debtor to proceed. *Sun Ok Kim*, 89 B.R. at 118; and *Parker Montana*, 47 B.R. at 421.

■ In the present case, the Court holds herein that Rocca does not have standing to object to any other creditor's claims and that Rocca has not shown the required elements for this Court to authorize her to proceed with the objection. The Court further finds and concludes that the Chapter 7 Trustee has filed an objection to the IRS' Amended Proof of Claim, and that the Chapter 7 Trustee has obtained an order regarding that objection.[3] The Court hereby grants the IRS's Motion to Dismiss Rocca's Objection to the IRS's Amended Proof of Claim.

Accordingly,

IT IS ORDERED granting the Motion to Dismiss Rocca's Objection to the IRS's Amended Proof of Claim.

IT IS SO ORDERED.

---

3. The Court notes that the IRS has stated that service was improper regarding the Chapter 7 Trustee's objection to the IRS's Amended Proof of Claim and that the order entered by the Court is either void or voidable. Because this issue is not directly before the Court, the Court will not make a ruling either way on this matter. Additionally, the Court finds and concludes that the resolution of whether the service was proper does not affect the Court's ruling regarding another creditor's standing to object to a creditor's claims.