In re Miguel A. ORSINI
SANTOS, Debtor.

Miguel A. Orsini Santos, Appellant,

v.

Wigberto Lugo Mender, Chapter
7 Trustee, Appellee.

BAP No. 05–036.
Bankruptcy No. 97–05120–ESL.

United States Bankruptcy Appellate Panel
for the First Circuit.

Sept. 25, 2006.

Madeleine Llovet–Otero, on brief for Appellant.

Before FEENEY, BOROFF, and KORNREICH, United States Bankruptcy Appellate Panel Judges.

### INTRODUCTION

KORNREICH, Bankruptcy Judge.

Miguel A. Orsini Santos (the "Debtor") appeals from an order of the United States Bankruptcy Court for the District of Puerto Rico (the "bankruptcy court") denying

his second motion for reconsideration of an order allowing the unsecured claim of Reinoldo Espino Colon ("Espino").

Espino was not listed as a creditor in the Debtor's chapter 13 case. After the bar date for filing claims, Espino filed an unsecured claim in the amount of $36,667.87. Later, he filed a second claim, arising from the same facts and circumstances, alleging security by setoff. The Debtor objected to both claims—the unsecured claim because it had been filed after the claims bar date and the secured claim because it lacked an adequate showing of security. Espino did not file a timely response and both claims were disallowed.

Long after his claims were disallowed, Espino filed a response stating that he had not been aware of the bankruptcy case before the passage of the bar date. His belated response was deemed to be a request for reconsideration. Both parties were ordered to show cause why Espino's unsecured claim should not be allowed for the amount filed and why lack of notice of the bar date would not excuse the late filing of his claims. Each party filed a response and the matter was taken under advisement. Although given the opportunity, neither party requested an evidentiary hearing. There was no further activity on the claims until several months later when the bankruptcy court sought and heard argument on them at a pre-trial conference in a related adversary proceeding. By then, Espino had withdrawn his secured claim.

At that pre-trial conference, the bankruptcy judge determined that Espino had not been listed on the schedules as a creditor and, on that basis, he concluded that Espino's tardiness was excusable. He also concluded that the Debtor's only timely objection to the unsecured claim was that it had been filed late. For that reason, the judge declined to entertain the Debtor's

objections on the merits and allowed Espino's unsecured claim in full, as filed. No written order was entered on those rulings. However, some time later, the essence of those rulings was restated in the written order sustaining the conversion of the case to chapter 7.

The first discrete, written order allowing Espino's unsecured claim appears to be the order overruling the chapter 7 trustee's objection to that claim. The Debtor's motion to reconsider that order was denied. He then sought reconsideration a second time. This appeal is from the denial of his second request. We affirm.

### BACKGROUND

Espino operated a gas station in Cupey, Puerto Rico. The Debtor worked for Espino between 1988 and 1994 and may have operated his own business on Espino's premises during the same period. At some point the Debtor brought a labor proceeding against Espino in state court for improper termination of employment. The record is less than clear on the path of that labor proceeding, but it began with a claim of approximately $27,000 before the Debtor commenced his bankruptcy case. It ended during the chapter 13 with a final judgment against Espino in an amount exceeding $39,000, including interest.

The Debtor's chapter 13 case was commenced on May 20, 1997. Espino was not listed as a creditor and did not receive notice of the case, the 341 meeting, the claims bar date, or the Debtor's plan. The plan, which was later amended, was initially confirmed on November 21, 1997. In early 1998, while unaware of the bankruptcy case, Espino commenced his own state court action against the Debtor. He became aware of the bankruptcy when the Debtor asserted the automatic stay as a bar to that action.

Espino filed his first proof of claim ("claim 7") on February 3, 1999, in the amount of $36,667.86, including principal of $27,576.80 and interest through the date of bankruptcy at 12% per year. He did not use the official proof of claim form. Claim 7 gives no basis for the debt and asserts no judgment or security interest. At the time Espino filed claim 7, he also sought to dismiss the Debtor's case on grounds that he never received notice of bankruptcy. That motion was not granted. Fifteen months later, on May 8, 2000, Espino filed a second claim ("claim 8") in amount of $45,128.35. Claim 8 is on the official proof of claim form. It shows "rent, deficit on sales, automobile" as the basis of the debt, and security by right of setoff.

In September, 2000, Espino filed a motion seeking to allow the setoff of his claims against the Debtor's state court judgment and a motion seeking to enjoin the Debtor from collecting that judgment pending determination of his claims. Both motions were denied without prejudice.

On October 2, 2000, the Debtor filed objections to claims 7 and 8. The objection to claim 7 stated, "[c]laim number 7 was filed untimely. The bar date was October 7, 1997 and the same was filed on February 3, 1999." The grounds for objection to claim 8 were that no notice of it was given to the Debtor and no evidence was "attached to support its security." No response was filed by Espino and both claims were disallowed by order dated November 8, 2000.

On July 6, 2001, Espino filed a belated response to the Debtor's objections to his claims and asked that his state court action against the Debtor be deemed an informal proof of claim. In the alternative, he asked that the chapter 13 be dismissed or that his claim be treated as a secured claim. In a written order entered on August 24, 2001 (the "show cause order"), the

bankruptcy court determined, among other things, that: (1) Espino's late response to the Debtor's claims objection should be taken as a motion to reconsider the disallowance of Espino's claim under FED. R. BANK. P. 3008; (2) Espino appeared to have a claim in the amount of $36,667.86 arising from a state court judgment for unpaid rent and interest accrued; (3) Espino's claims were filed after the bar date; (4) Espino had not been listed as a creditor and had no notice of the filing of the bankruptcy case, the 341 meeting, or the hearing on confirmation; (5) Espino had not provided evidence of a perfected security interest; and (6) Espino had failed to establish a right of setoff under 11 U.S.C. § 553. That order also required the Debtor and Espino "to show cause, if any, there be, within 20 days from notice of this order, why the claim should not be allowed as an unsecured claim for the amount filed, and to find that there was excusable neglect in its late filing because Mr. Espino did not receive adequate notice of the bar date to file claims."

The Debtor's response to the show cause order stated that Espino was not listed on the bankruptcy schedules as a creditor because Espino had no claim against the Debtor on the petition date; Espino's state court action was commenced nine months after the bankruptcy case; Espino's action was retaliatory; Espino's claim was an effort to set off his claim against the state court judgment in the labor case "which amounts to $28,927.00 plus interest;" and that there was no state court judgment supporting Espino's claim.

Shortly after filing his response to the show cause order, the Debtor filed a motion to amend his schedule C to exempt the "possible proceeds of a labor tort action estimated in $27,000 in a future.... At this moment that amount is estimated in $1.00."

Espino's request for an extension of time to respond to the show cause order was granted and a hearing was set for December 10, 2001. Espino eventually filed a response emphasizing his lack of knowledge of the bankruptcy case until after the bar date. He also sought another injunction to prevent the Debtor from collecting on his judgment until after the resolution of the disputed claims. That second request for injunctive relief was denied without prejudice.

The Debtor moved for a continuance of the hearing on the show cause order. His request was allowed and the matter was taken under advisement; however, the parties were given fifteen days to request a hearing. Significantly, neither party demanded a hearing.

Espino also commenced an adversary proceeding to determine that the state court judgment against him was an asset of the estate; that the proceeds of that judgment should be paid over to the chapter 13 trustee; and, that the Debtor had no right to exempt the proceeds. On February 1, 2002, there was an emergency hearing in that adversary proceeding on Espino's request that the attachment against him in the amount of $39,402.45 be paid over to the chapter 13 trustee. After a lengthy hearing, the bankruptcy court concluded, among other things, that there was a reasonable likelihood that the proceeds of the judgment were property of the estate and "to the extent that Debtor's propriety to claim an exemption over that judgment may be in question, my ruling is that the Debtor is not entitled to such an exemption." Appellant's Appendix, p. 88. The parties were ordered to deposit the proceeds of the state court attachment with the clerk of the bankruptcy court pending further disposition. The chapter 13 trustee was given 20 days to intervene in that adversary proceeding.

At the end of February, 2002, the chapter 13 trustee filed a motion to convert the case to chapter 7 because the Debtor had not properly scheduled his judgment against Espino as an asset; had improperly attempted to exempt this judgment from property of the estate; and had not devoted the full value of the judgment to his chapter 13 plan. Taking a cue, the Debtor modified his plan to allow for a 100% distribution to holders of allowed unsecured claims and asked that $20,000 of the proceeds on deposit with the clerk be delivered to the chapter 13 trustee for distribution. He also opposed the conversion motion by stating that the conclusion of his chapter 13 case had been delayed by Espino's tardy assertion of a bogus claim.

At a pre-trial conference in the adversary proceeding on May 31, 2002, the bankruptcy judge observed that all of the issues in the adversary proceeding had been resolved and shifted his attention to the undetermined status of Espino's claims. After getting an admission that no state court judgment had been entered on Espino's claims and an acknowledgment that claim 8, the secured claim, had been withdrawn, the bankruptcy judge heard argument on the allowance of claim 7, the unsecured claim. Espino pressed that the original and sole objection to the unsecured claim was that it had been filed late. The Debtor countered by insisting that a timely challenge to the existence and amount of the claim had always been raised. The bankruptcy judge concluded that Espino had not received notice of the case in time to file a timely claim. He also concluded that tardiness had been the only timely objection raised by the Debtor and, for that reason, he declined to entertain the Debtor's objections on the merits and allowed Espino's unsecured claim in full, as filed. No separate written order allow-

ing claim 7 or disallowing claim 8 was entered.

In July, 2002, the Debtor moved to dismiss his chapter 13 case. The chapter 13 trustee opposed dismissal and renewed his request for conversion to chapter 7. The trustee argued that the Debtor's motion was prompted by a desire to retain the proceeds of his judgment against Espino. The Debtor's motion to dismiss was denied and the case was converted to chapter 7 on August 15, 2002.

The Debtor moved to vacate the conversion order claiming that he had not received notice of the trustee's motion to convert or an opportunity to be heard; that he had not received timely notice of the conversion order; and that claim 7 had been allowed erroneously. In the written order denying the Debtor's request, entered on November 8, 2002, the bankruptcy judge sustained the conversion and confirmed his earlier ruling that Espino was the holder of a timely unsecured claim. The judge also reprimanded Debtor's counsel for misstating his ruling on the timeliness of claim 7 in her motion to vacate the conversion order. No appeal was taken from that order.

It is clear that no distinct order on claims 7 and 8 had been entered by the time the chapter 7 trustee was ready to close the case. To tie up loose ends, the trustee could have sought a clarifying order on the basis of the record. Instead, pursuant to his perception of his duty, he filed an objection to both claims on October 6, 2004. *See* 11 U.S.C. § 704(5) ("if a purpose would be served, [the trustee shall] examine proofs of claims and object to the allowance of any claim that is improper"). Parroting the Debtor, the trustee asserted that Espino's unsecured claim was unliquidated, unsupported by a judgment, contested, and unsubstantiated as to amount. His objection to Espino's secured claim was perfunctory and grounded entirely on Espino's withdrawal of that claim. Espino countered by stating that the secured claim had been withdrawn; that the unsecured claim had been allowed for the reasons stated at the May 31, 2002 hearing; that the trustee's objection was barred by the doctrine of res judicata; and that the allowance of the unsecured claim had been reaffirmed in the November 8, 2002 order. The Debtor was not a party to the chapter 7 trustee's objection. The order denying the trustee's objection, entered on January 26, 2005, stated, simply, that "[t]he reply filed by Reinaldo Espino Colon to the trustee's objection to proof of claim # 7 (docket # 131) is hereby granted." No appeal was taken.

On February 24, 2005, the Debtor moved for reconsideration of the order overruling the trustee's objection. Beyond his challenge to the order based on lack of notice of Espino's response to the trustee's objection and new statements alleging fraud, the Debtor's motion for reconsideration was little more than an elaborate rehash of his previously stated grievances. The motion asserted that Espino's claims were falsely stated; anchored on erroneous findings in the August 24, 2001, show cause order; unliquidated by admission because Espino sought a stay of collection on the judgment against him pending determination of his claim; unsupported by evidence; and grounded upon a state court action wrongfully commenced against the Debtor to provide a basis for setoff.

In his response, Espino agreed that the Debtor had not been properly served with the chapter 7 trustee's objection to claims. Espino argued that the Debtor's original and only timely objection to claim 7 was that it had been filed after the bar date. He also asserted res judicata as a bar to reconsideration and asked for sanctions and punitive damages.

The motion for reconsideration was denied without a hearing in a written order dated March 21, 2005. That order stated that claim 7 had been "adjudicated at an actual hearing held on June 12, 2002, wherein the court held that claim # 7 by Mr. Espino was timely, and allowed as a general unsecured claim."[1] Noting that counsel for the Debtor had been reprimanded previously for her refusal to accept the court's earlier rulings, the bankruptcy judge reprimanded her again—this time for making new unsupported allegations of fraud. The order also states that the Debtor lacked standing because:

> [f]irst, in order for debtor to have standing, there must be a surplus available for distribution, and a dividend to be paid to the debtor, Second, (sic) the debtor raises new grounds not raised before, and does not even argue newly discovered evidence. Third, the parties to the objection were the chapter 7 trustee and the creditor. Fourth, the motion is late.

Espino's request for sanctions and punitive damages was not addressed. No appeal was taken from that order.

On April 26, 2005, the Debtor moved for reconsideration of the March 21, 2005, order, restating the specific objections raised in his first request.[2] He also asserted that he was denied a hearing on his first motion for reconsideration; that his first motion was timely; that he had standing because he would be entitled to a distribution if Espino's claim were to be disallowed and because he is a party-in-interest under FED. R. BANKR.P. 3008; that Espino's claim

was fraudulent and, as such, reconsideration was not barred by res judicata; and that his attorney did not violate any ethical rules.

The second motion for reconsideration was denied without hearing in a simple written order dated June 13, 2005. This timely appeal of that order was taken by notice of appeal filed on June 22, 2005.

## JURISDICTION

A bankruptcy appellate panel is bound to determine its jurisdiction before proceeding to the merits of an appeal even if the issue of its jurisdiction is not raised by the litigants. *See In re George E. Bumpus, Jr. Constr. Co.*, 226 B.R. 724 (1st Cir. BAP 1998). The panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646 (citations omitted). "[A] bankruptcy court order need not resolve all of the issues in the proceeding, but it must finally dispose of all the issues pertaining to a discrete dispute within the larger proceeding." *In re Perry*, 391 F.3d 282, 285 (1st Cir.2004). An order allowing or disallowing a claim is a final, appealable order. *Id.; Giles World Marketing, Inc. v. Boekamp Manuf., Inc. (In re Giles*

---

1. There was no hearing on June 12, 2002; however, that date appears to be the date of entry on the record of the transcript of the pre-trial conference held on May 31, 2002. Therefore, we have taken all references to a hearing on June 12, 2002, to mean the pre-trial conference on May 31, 2002.

2. His specific objections were that Espino had filed a false and fraudulent claim; that the claim is without basis; that the amount of the claim was never determined; that the claim remains unliquidated; that the claim lacks supporting documentation; and that the court never heard testimony from the parties on the claim.

*World Marketing, Inc.),* 787 F.2d 746, 748 (1st Cir.1986); *In re Saco Local Dev. Corp.,* 711 F.2d 441, 445–46 (1st Cir.1983).

### STANDARD OF REVIEW

 Appellate courts reviewing an appeal from the bankruptcy court generally apply the "clearly erroneous" standard to findings of fact and de novo review to conclusions of law. *See T I Fed. Credit Union v. DelBonis,* 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.),* 43 F.3d 714, 719–20 n. 8 (1st Cir. 1994). A decision to allow a claim is reviewed for abuse of discretion. *In re Perry,* 391 F.3d at 284. Similarly, abuse of discretion is the proper standard for review of a refusal to reconsider the allowance of a claim. *See In re Mathiason,* 16 F.3d 234, 239 (8th Cir.1994).

### DISCUSSION

#### 1. *Trustee's objections.*

 The starting point of our discussion is the order denying the chapter 7 trustee's objections to claim 7 entered on January 26, 2005. That order conclusively determined a separable dispute between the trustee and Espino over Espino's claim, with the effect of allowing it as an unsecured claim in the amount filed, $36,667.86. *See In re Saco Local Dev.,* 711 F.2d at 445–46. No appeal was taken by the trustee.

#### 2. *First motion for reconsideration.*

 The Debtor was not a party to the dispute between the trustee and Espino over Espino's claims because he did not participate in that discrete contested matter. For that reason, he was not constrained to challenge the order of January 26, 2005, by taking an appeal within ten days. *See* FED. R. BANKR.P. 8002(a).

 On February 24, 2005, twenty-nine days after the entry of the order allowing Espino's claim, the Debtor filed his first motion for reconsideration under 11 U.S.C. § 502(j)[3] and FED. R. BANKR.P. 3008.[4] His motion was timely. "Reconsideration of both allowed and disallowed claims may occur at any time before a case is closed, but in such reconsideration the court must weigh the extent and reasonableness of any delay, or prejudice to any party in interest, the effect on efficient court administration and the moving party's good faith." *See Fryer v. Easy Money Title Pawn Inc., et al. (In re Fryer),* 172 B.R. 1020, 1024 (Bankr.S.D.Ga.1994).

The Debtor's first motion for reconsideration said that he had not received notice of Espino's response to the trustee's objection and raised new allegations of fraud. He also repeated his many objections on the merits of Espino's claim; namely, that it was falsely stated, anchored on erroneous bankruptcy court findings, unliquidated, unsupported by evidence, and grounded in a wrongfully commenced state court action.

 These allegations might have constituted "cause" for reconsideration of Espino's claim and grounds for full or partial disallowance of that claim "according to the equities of the case." § 502(j). *See In re Rayborn,* 307 B.R. 710, 720 (Bankr.S.D.Ala.2002) (there can be no ba-

---

3. 11 USC § 502(j) provides in pertinent part, that "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case."

4. FED. R. BANKR.P. 3008 states that "[a] party may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order."

sis for the disallowance of a previously allowed claim according to the equities of the case without cause); *In re International Yacht and Tennis, Inc.*, 922 F.2d 659, 662 (11th Cir.1991) (cause exists upon an allegation of fraud); *In re H.K. Porter Co., Inc.*, 156 B.R. 149, 150 (Bankr. W.D.Pa.1993) (cause may exist when relief would be justified under FED.R.CIV.P. 60(b)); *In re Stoecker*, 151 B.R. 989, 1001 (Bankr.N.D.Ill.1993) (equities of the case requires a weighing of "the extent and reasonableness of any delay, prejudice to the debtor and other creditors, effect on efficient administration, and the moving creditor's good faith.") However, whether or not the denial of the first motion for reconsideration was an abuse of discretion is not before us, because the Debtor took no appeal from that order within 10 days and filed no motion of a kind that would have extended the appeal period within ten days. *See* FED. R. BANKR.P. 8002(b).[5] Instead, thirty-six days later, on April 26, 2005, the Debtor brought his second motion for reconsideration.

### 3. *Second motion for reconsideration.*

In his second motion, the Debtor repeated the same factors that had been stated in his first motion, and added three grounds arising out of the denial of his first motion—no hearing on the first motion, the Debtor's lack of standing, and the reprimand of Debtor's counsel. The second motion for reconsideration was denied without a hearing.

■■■■ We see no abuse of discretion in that denial for two reasons. First, by the time of the Debtor's second motion,

the order denying his first motion had become final. The discretion to reconsider "should not . . . encourage parties to avoid the usual rules for finality of contested matters." *See Colley v. National Bank of Texas (In re Colley)*, 814 F.2d 1008, 1010 (5th Cir.1987). Second, the Debtor presented no new "cause" for reconsideration in his second motion and gave no new bases for disallowance of Espino's claim "according to the equities of the case" beyond those that had been determined finally on his first motion.

### CONCLUSION

For the foregoing reasons, the decision of the bankruptcy judge is **AFFIRMED.**

**Boroff, Bankruptcy Judge, concurring.**

I concur that the order of the bankruptcy judge, dated June 13, 2005—the only order appealed from—should be affirmed. But not without regret. I am painfully aware that the record fails to disclose a basis for allowance of the Espino claim, for the reasons ably described in Judge Feeney's dissent. At the May 31, 2002 hearing, which I agree set the stage for what followed, the bankruptcy judge opined that the Debtor had not timely raised an objection to the merits of the Espino claim. That was only partially correct. Indeed, the Debtor's first objection to the Espino claim was that the claim was filed untimely. But, thereafter, the bankruptcy judge's August 24, 2001 order to show cause invited an inquiry into the merits of the Espino claim. In his "Motion in Com-

---

5. The appeal period may be enlarged by filing a motion: (1) to amend or make additional findings of facts under FED. R. BANKR.P. 7052 (FED.R.CIV.P. 52); (2) to alter or amend the judgment under FED. R. BANKR.P. 9023 (FED. R. CIV.P. 59); (3) for a new trial under FED. R. BANKR P. 9023 (FED. R. CIV.P. 59); or (4) for relief under FED. R. BANKR P. 9024 (FED. R. CIV.P. 60). Such a motion must be filed within 10 days after the judgment. We need not determine whether the Debtor's motion for reconsideration might qualify as a motion under Rule 8002(b) because, clearly, it was filed outside the 10 day time limit.

pliance with Order," the Debtor responded in detail to the August 24, 2001 order by objecting to the Espino claim on its merits. Accordingly, I believe that, without the benefit of an evidentiary hearing, the allowance of the Espino claim thereafter was not proper.

The confusion on the record may have been the motivating factor for the trustee to raise the issue again, once the case was converted to chapter 7. By this time, however, the bankruptcy judge was convinced, *inter alia*, that the validity of the Espino claim was old news and repeated his order. The Debtor then filed his first motion for reconsideration, arguing again the invalidity of the Espino claim. That motion for reconsideration, also arguably untimely, was denied. Had the Debtor then appealed, the disposition of even that appeal would have been problematic in light of the Debtor's failure to seek review of the allowance of the claim in the chapter 13 case. Yet the Debtor did not appeal. Rather, he filed a second motion for reconsideration over 30 days later, essentially repeating the same arguments made in his first motion for reconsideration. And upon the bankruptcy judge's denial of the second motion for reconsideration, the Debtor now, for the first time, seeks review. It is too late.

11 U.S.C. § 502(j) does permit a party to seek reconsideration of the allowance or disallowance of a claim "for cause." I believe, however, that "cause" should not include grounds which have been previously presented to the bankruptcy judge and rejected. To conclude otherwise, encourages serial motions for reconsideration, undermines whatever finality remains after application of § 502(j), and lengthens interminably the time within which a party may appeal a bankruptcy judge's allowance or disallowance of a claim.

**Feeney, Bankruptcy Judge, Dissenting.**

For the reasons set forth below, I respectfully dissent from the plurality opinion. Based upon the record, I find that the debtor established cause for reconsideration of the allowance of Espino's claim and that the bankruptcy court abused its discretion in denying the Debtor's second Motion for Reconsideration.

Section 502(j) of the Bankruptcy Code provides in relevant part: "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). Bankruptcy Rule 3008 provides that "A party in interest may move for reconsideration of an order allowing or disallowing claim against the estate. The court after a hearing on notice shall enter an appropriate order." Fed. R. Bankr.P. 3008.

To permit reconsideration of Espino's claim, it was the Debtor's burden to establish "cause." Neither the Bankruptcy Code nor the Bankruptcy Rules, however, define cause as used in § 502(j). *In re Jones,* 2000 WL 33673759, at *2 (Bankr. M.D.N.C.2000); *In re Coffman,* 271 B.R. 492, 498 (Bankr.N.D.Tex.2002).

In *In re Rayborn,* 307 B.R. 710 (Bankr. S.D.Ala.2002), the bankruptcy court stated:

Reconsideration under § 502(j) is a two-step process. A court must first decide whether "cause" for reconsideration has been shown. *Jones,* 2000 WL 33673759 *2. Then, the Court decides whether the "equities of the case" dictate allowance or disallowance of the claim. *Id.;* 11 U.S.C. § 502(j).

307 B.R. at 720. The court in *Rayborn* added:

"Bankruptcy courts have substantial discretion in deciding what constitutes

'cause' for reconsidering a claim pursuant to section 502(j)." *Coffman,* 271 B.R. at 498 (citations omitted); *In re Davis,* 237 B.R. 177, 181–82 (M.D.Ala. 1999). Although "the 'for cause' standard 'is not standardless,'" *id.* (quoting *In re Davis,* 237 B.R. at 182), there "is considerable variation in the cases concerning the test or standard which should be used." *Jones,* 2000 WL 33673759, at *2.

Some courts look to when the motion to reconsider was filed in order to determine what standards to use to determine "cause." These courts generally say that if the motion is filed within ten days, the motion should be governed by Bankruptcy Rule 9023 and Federal Rule of Civil Procedure 59. *See, e.g., Jones,* 2000 WL 33673759, at *2, n. 1 (citing cases). Other courts hold that where the motion is file outside of ten days, Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b)(1) should govern what is "cause." *Id.* Still other courts "[w]ithout relying solely upon the timing of the motion for reconsideration ... have debated whether the 'for cause' standard under § 502(j) is different from the 'excusable neglect' standard of Rule 60(b)(1) and have reached differing conclusions." *Id.* In addition, some courts focus on how the claim was initially resolved in deciding what standard of "cause" to apply. *Jones,* 2000 WL 33673759, at *2. In *Jones,* the court held that a party seeking relief from failing to file a timely objection must show "excusable neglect" under the standards announced in *Pioneer Investment Services Co. v. Brunswick Associates,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). *Id.*

*Rayborn,* 307 B.R. at 720–21(footnote omitted).

In *In re Choquette,* 290 B.R. 183, 187–88 (Bankr.D.Mass.2003), the bankruptcy court considered a Chapter 7 debtor's standing to object to claims. It stated:

The majority of courts have held that a Chapter 7 debtor has standing to object to claims where one or more of the following factual requisites obtained: 1) the debtor had a pecuniary interest in the result by way of a demonstrable surplus; 2) the trustee failed or refused to object to the claim or claims in question; and/or 3) the debtor's objection would not undermine the efficient administration of the estate. *See In re Thompson,* 965 F.2d [1136] at 1141 and 1147 [(1st Cir.1992)] (holding that a Chapter 7 debtor had appellate standing to object to a settlement of claims litigation only where the trustee failed or refused to perform a fiduciary duty); *In re El San Juan Hotel,* 809 F.2d 151, 154 (1st Cir.1987) (holding that the "person aggrieved," an analogue to the "party in interest," had appellate standing when that person's rights or interests were "'directly and adversely affected pecuniarily' by the order or decree of the bankruptcy court") (quoting *In re Fondiller,* 707 F.2d 441, 442 (9th Cir.1983)); *Willemain v. Kivitz,* 764 F.2d 1019, 1022 (4th Cir.1985) (holding that only solvent debtors had standing in bankruptcy court); *United States v. Jones,* 260 B.R. [415] at 418 [(E.D.Mich.2000]) (holding that a debtor with no hope of a surplus from the estate had no standing to object); *In re Gribben,* 158 B.R. 920, 922 (S.D.N.Y.1993) (holding that assignment of all claims related causes of action to the trustee promoted orderly asset collection); *In re Sun OK Kim,* 89 B.R. 116, 118 (D.Haw.1987) (holding that leave of court secured after formal refusal by the trustee to object to a claim or trustee wrongdoing could confer standing to object upon the debtor); *In*

*re Savidge,* 57 B.R. 389, 392 (D.Del.1986) (holding that in order to uphold orderly administration of the estate, the trustee must be noticed and refuse to object before the debtor could obtain court ordered standing to object); *Silverman v. Leucadia, Inc.,* 37 B.R. 200, 201 (S.D.N.Y.1982) (holding that only the debtor that "demonstrated that the disallowance of the claim would produce a surplus in the estate which would be available to the bankrupt" had standing to object); *In re Bakke,* 243 B.R. 753, 755 (Bankr.D.Ariz.1999) (holding trustee refusal and application to the court to be precursors to debtor standing); *In re I & F Corp.,* 219 B.R. 483, 485 (Bankr. S.D.Ohio 1998) (holding that standing resided statutorily with the trustee as the appointed estate representative to ensure expeditious, cost effective case disposition); *In re Woods,* 139 B.R. 876, 877 (Bankr.E.D.Tenn.1992) (stating that, absent surplus, debtor standing to object is a threat to judicial economy because it would "permit [the debtor] to usurp the trustee's authority and ... require the court to rule on objections where the allowance or disallowance of the claim is meaningless to the administration of the estate"); *but see Mulligan v. Sobiech,* 131 B.R. 917, 921 (S.D.N.Y.1991) (debtor is a de facto party in interest with standing to object to claims untethered from considerations of surplus or trustee action); *cf. In re Simon,* 179 B.R. 1, 6–7 (Bankr.D.Mass.1995).

290 B.R. at 187–88 (footnote omitted).

The foregoing recitation of the applicable law highlights the bankruptcy court's discretion and its ability to balance the equities inherent in the claims process. Moreover, it is significant that there is no time limit either under 11 U.S.C. Section 502(j) or Fed. R. Bankr.P. 3008 for a motion for reconsideration of an order allowing or disallowing a claim. The one year deadline of Fed.R.Civ.P. 60 does not apply to reconsideration of orders allowing claims by virtue of the express provisions of Fed. R. Bankr.P. 9024 which provides: "Rule 60 ... applies in cases under the Code except that (1) a motion ... for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation ..." Fed. R. Bankr.P. 9024. A leading commentator has stated that "... a motion for reconsideration of a claim presented before the order closing the estate should be timely." 4 Lawrence P. King, *Collier on Bankruptcy* ¶ 502.11[3], at 502–77 (Supp.2005). Although reconsideration should not be a substitute for a timely appeal, in all contexts reconsideration is warranted where a manifest error of fact or law has been made. *Cf. In re Wedgestone Financial,* 142 B.R. 7 (Bankr.D.Mass.1992). In the claims context, which has a more relaxed standard for reconsideration than other types of litigation, there is cause for reconsideration where the court has made a fundamental error which deprived the objecting party of an opportunity to be heard on the merits and substance of an objection to claim.

The bankruptcy court's decision in this case, dated January 26, 2005, overruling the Chapter 7 trustee's objection to Espino's claim was predicated upon its May 31, 2002 and November 8, 2002 rulings. The May 31, 2002 ruling was made at a pretrial conference in the adversary proceeding commenced by Espino to determine that the state court judgment that the Debtor held against him was an asset of the bankruptcy estate and that the Debtor did not have a right to exempt the proceeds. At that hearing, Espino admitted that he did not hold a state court judgment, although the bankruptcy judge in a written order dated August 24, 2001 had

indicated that his claim appeared to be based upon a state court judgment. At the May 31, 2002, hearing the Debtor insisted that he had always asserted a timely challenge to the existence and amount of Espino's claim, and that his challenge was not simply based on untimeliness. The bankruptcy judge disagreed, however, indicating that only the timeliness issue had been raised by the Debtor. The Debtor, however, in his response to the August 24, 2001 show cause order had indicated that he did not list Espino as a creditor because in his view Espino had no claim against him. The bankruptcy court did not enter a separate written order allowing Espino's claim following the May 31, 2002 hearing.

In my view, the May 31, 2002 ruling had a cascading affect tainting all subsequent rulings with respect to Espino's claim. The bankruptcy court appears to have concluded, albeit erroneously, that the merits of Espino's claim had been determined. It entered its November 8, 2002 order in conjunction with the Debtor's motion to vacate the conversion of his Chapter 13 case to Chapter 7. The Debtor alleged that Espino's claim had been allowed erroneously. The bankruptcy judge, however, confirmed his earlier ruling that Espino held a timely unsecured claim. No appeal was taken from that order. The validity and amount of the Espino's claim, however, were not before the bankruptcy court at that time; only the motion to vacate the conversion was before the court.

On March 31, 2005, the bankruptcy court denied, without a hearing, the Debtor's first Motion for Reconsideration of the January 26, 2005 overruling the Chapter 7 trustee's objection to Espino's claim on grounds that it had adjudicated the claim at an actual hearing held on June 12, 2002, which the majority has taken as a reference to the May 31, 2002 hearing. *See* note 1 *supra.* As noted above, the May 31, 2002 hearing was a pretrial conference in an adversary proceeding and not a hearing on the proof of claim. A review of the record demonstrates that the merits of the claim were not adjudicated as of May or June 2002, and indeed the substance of the Debtor's objection to the claim has never been adequately addressed. In the Debtor's second Motion for Reconsideration, which has generated this appeal, the Debtor makes many of the same arguments he did in his first motion, but he also maintained that the claim lacked evidentiary support and merit, that the contested matter concerning the validity of the proof of claim had never been adjudicated, and that he has standing because he would be entitled to a distribution in the chapter 7 case.

I disagree with the reasoning of the plurality and concurring opinions which in my view both fail to recognize that Bankruptcy Code Section 502(j) clearly authorizes the correction of an error in the allowance of a proof of claim. In failing to order a remand to allow for a hearing on the substance of the Debtor's objection to claim the plurality and concurring opinions have the effect of depriving the Debtor of an opportunity to be heard on his objection, and validate the error committed below, which was based on an erroneous assumption and mistaken view of the procedural history of the case. Where as here a patent mistake has been made, and where the claim was allowed without regard to the substance of the objection, I believe that the bankruptcy clearly erred in not recognizing the existence of cause for reconsideration.

The factual and procedural record below is tortured, and the affirmance by the majority of the Panel results in the reinforcement of numerous procedural errors and a potential material substantive error. Although I am convinced that the bankruptcy judge correctly determined that Espino's claim (# 7) was timely filed because of his lack of notice of the commencement of

the Debtor's Chapter 13 bankruptcy case, I am not convinced that the actual merits of the claim have ever been adequately addressed in an appropriate procedural context and as a matter of substance. The Debtor's objection to the merits of Espino's claim has never been properly adjudicated, although the bankruptcy judge erroneously stated on a number of occasions that the merits had been determined. Furthermore, because the existence of the Debtor's judgment against Espino is compelling evidence that Espino's claim may, indeed, lack merit as the Debtor claims, I am convinced that a manifest error of fact and law was made. In my view, the bankruptcy judge abused his discretion in not allowing reconsideration of the order overruling the objection to Espinos' proof of claim and in refusing to grant the second motion for reconsideration. For these reasons, I would remand for further hearings on two issues: 1) whether the debtor has standing, as he asserts, to object to the claim because this is a surplus case; and 2) whether Espino's claim should be allowed in the amount of $36,667.86.