**In re Donald Louis WYATT, Debtor.**

**No. 03–12461–MWV.**

United States Bankruptcy Court,
D. New Hampshire.

May 10, 2007.

Donald Louis Wyatt, Wolfeboro, NH, Pro se.

Terrie Harman, Portsmouth, NH, for David E. Stacy.

## *MEMORANDUM OPINION*

MARK W. VAUGHN, Chief Judge.

Several motions filed by David E. Stacy ("Stacy") are before the Court: (1) "Motion to Seal the Court's File in All Matters," (2) "Motion to Conduct Hearings in Camera," (3) "David E. Stacy's Motion to Reconsider Order Disallowing Claim and to Allow Claim" and his amended version of the same, and (4) "Creditor David E. Stacy's Motion to Convert Chapter 13 Proceeding." Additionally, Stacy filed an amended claim against Donald Wyatt (the "Debtor"). The Debtor filed objections to Stacy's amended claim, motion to convert, and motion to reconsider. The parties appeared and were heard at a March 6, 2007, hearing at the close of which the Court took the matters under advisement.

### *JURISDICTION*

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### *BACKGROUND*

In addition to having filed a claim in this bankruptcy case, Stacy is a creditor in the bankruptcy case of Michel Roland Brault ("Brault"). Brault was the conservator of Stacy's conservatorship. The Debtor in the instant case is an attorney who represented Brault, Stacy, and the conservatorship. The Debtor filed a voluntary Chapter 13 petition on July 16, 2003. Stacy filed a bankruptcy claim against the Debtor for legal malpractice and breach of fiduciary duty in the estimated amount of $500,000. The Debtor objected to Stacy's claim and the Court sustained his objection on May 7, 2004, following Stacy's failure to attend a hearing on the matter.

Meanwhile, Stacy sued Brault in probate court, which, in a July 13, 2005, order, awarded almost $1 million to Stacy for Brault's breaches of his fiduciary duties. Although the Debtor was not a party to that proceeding, the probate court's order found Brault and the Debtor jointly liable to Stacy for $191,083.82. Almost a year and a half after the probate court's ruling, Stacy filed an amended claim reflecting the amount awarded in the probate court's order.

### *DISCUSSION*

I. *Motion to Seal and Motion to Conduct Hearings in Camera*

Stacy requests that pleadings in the Debtor's bankruptcy case be filed under seal because (1) the Debtor has made scandalous remarks about Stacy's medical condition and his legal capacity; (2) there is a contractual agreement between Stacy and his mother that requires Stacy to keep certain information confidential, the breach of which would subject Stacy to financial penalties; and (3) sealing the pleadings would be consistent with the sealing of the probate court's proceedings, documents from which are relevant to Stacy's claim.

As a matter of public policy, a bankruptcy court's dockets are open to the

**102**

public. The only exceptions are set forth in section 107,[1] which provides:

> (a) Except as provided in subsection (b) of this section, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.
>
> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
>> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>>
>> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107.

■ First, Stacy alleges that the Debtor has made scandalous or defamatory statements about Stacy's medical condition and legal capacity. "Many, if not the vast majority, of [papers filed in bankruptcy cases] will include material that is likely to affect an individual's reputation in the community." *Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d 1, 8–9 (1st Cir.2005). However, to rise to the level of scandalous or defamatory, and thus warranting protection under section 107(b)(2), the movant must show "either (1) the material is untrue, or (2) the material is potentially untrue and irrelevant or included within a bankruptcy filing for an improper end." *Id.* at 14. The movant has not made any showing that the alleged statements are untrue, potentially untrue, irrelevant, or made with an improper purpose. After reviewing the Debtor's pleadings and the tran-

script of the May 7, 2004, hearing, the Court finds that the Debtor has made neither scandalous nor defamatory statements.

■ Second, Stacy argues that all pleadings should be filed under seal because of a contractual agreement between he and his mother. However, the financial information that Stacy seeks to suppress is neither a trade secret nor scandalous or defamatory, and the protection of an agreement between two non-debtors is not a justification for sealing a docket. Additionally, the Court notes that the probate court order containing the sensitive information was redacted prior to being introduced in this Court in the related Brault bankruptcy case, a more appropriate form of protection than sealing. *See id.* at 9 ("[Section] 107(b)(2) speaks of protection in general terms rather than of wholesale sealing, and that courts must therefore exercise some discretion in determining what form of protection to grant.").

■ Finally, Stacy argues for sealing the record because doing so would be consistent with the probate court's sealing of its record. However, the Court is constrained by section 107 and has no discretion to seal the docket simply because the probate court sealed its records.

Stacy has not shown that he is entitled to protection under section 107. Further, placing all of the pleadings in this bankruptcy case under seal would unduly affect other parties and creditors. Stacy's "Motion to Seal the Court's File in All Matters" is denied, and, for the same reasons, Stacy's "Motion to Conduct Hearings in Camera" is also denied.

---

**1.** All references to the "Bankruptcy Code" or to specific sections are to the Bankruptcy Reform Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. §§ 101 to 1330.

## II. *Motion to Reconsider*

### A. *Bankruptcy Rule 9024*

■ Pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3008 and section 502(j), a party in interest may seek reconsideration of an order allowing or disallowing a claim. A movant's right to bring such a motion, though, is subject to Bankruptcy Rule 9024, which provides: "Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion ... for the reconsideration of an order allowing or disallowing a claim against the estate entered **without a contest** is not subject to the one year limitation prescribed in Rule 60(b)[.]" (Emphasis added.) Stacy filed his motion to reconsider on December 8, 2006, more than two and a half years after the Court's order disallowing his claim. Thus, before reaching the merits of Stacy's motion, the Court must determine if the order disallowing the claim was entered "without a contest."

■ In order to determine whether there was a contest, the Court must first address whether there was valid service of process notifying the proper party of the Debtor's objection to the claim. On November 17, 2003, Stacy's sister, Deborah Stacy, as conservator of the Estate of David E. Stacy, filed a proof of claim in the estimated amount of $500,000 for the Debtor's alleged legal malpractice and breach of fiduciary duty. On April 15, 2004, the Debtor filed an objection to Stacy's claim and a notice of hearing stating that a hearing would be held on May 7, 2004. The accompanying certificates of service state that the objection and notice of hearing were sent "to the following parties or their counsel" and lists, among others, Stacy and Attorney Pamela Phelan and their addresses. The next day, April 16, 2004, Attorney Phelan filed a motion to withdraw as Stacy's attorney, which the Court granted on April 19, 2004. Attorney Phelan's motion to withdraw states that "[a]ny documents received by this office have been forwarded to Mr. Stacy, and he is aware that the undersigned does not represent him as to these additional matters." (Ct. Doc. 26.) Neither Stacy nor counsel for Stacy attended the hearing at which the Debtor's objection to Stacy's claim was sustained.

The evidence indicates that Stacy received service at his home address or, at the very least, his attorney received notice and passed it on to Stacy. Further, Stacy did not move to reconsider the May 7, 2004, order until December 8, 2006. Common sense indicates—and experience has shown—that a creditor without notice who learns after the fact that a hearing was held and his claim was disallowed would not wait two and a half years to bring the matter to the Court's attention. The Court finds no reason to reconsider its May 7, 2004, finding that Stacy received notice of the hearing.

Having found that Stacy had notice of the hearing, the Court must determine whether, for purposes of Bankruptcy Rule 9024, the order disallowing Stacy's claim was entered "without a contest." *See In re Gomez,* 250 B.R. 397, 401 (Bankr. M.D.Fla.1999) (an example of an order entered without a contest is a claim that is deemed allowed by a plan confirmation). Only if the order was entered without a contest is Stacy's motion to reconsider timely. The Debtor's filing of an objection to Stacy's proof of claim created a contested matter. Stacy was aware of the contest and had an opportunity to be heard at the May 7, 2004, hearing. Having had the opportunity to address the Debtor's objection, the existence of a contest was not contingent upon Stacy showing up at the hearing; a contest, for purposes of Bankruptcy Rule 9024, arose upon Stacy's re-

ceipt of notice of the Debtor's objection and notice of the hearing. The Court concludes that the order disallowing Stacy's claim was entered after a contest, and, therefore, pursuant to Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b), Stacy's motion to reconsider is untimely.

In another matter regarding service of process, Stacy argues that the Debtor failed to make valid service of process because he did not serve the conservator of Stacy's estate, Deborah Stacy, with his objection and notice of hearing. As a result, Stacy continues, Ms. Stacy was deprived of due process because she was prevented from attending the May 7, 2004, hearing and opposing the Debtor's objection. However, counsel for Stacy conceded at the March 6, 2007, hearing that Ms. Stacy no longer was the conservator at the time of the May 7, 2004, hearing. Throughout the Debtor's bankruptcy case, service was predominantly upon Stacy and Attorney Phelan, not Ms. Stacy. At no time did Stacy, Attorney Phelan, or Ms. Stacy request that Ms. Stacy be the entity to receive service. In the instances when Ms. Stacy was served, though, she was served at the same address as Stacy. Apparently, Stacy and the conservator lived in separate units of the same duplex, though Ms. Stacy's service address was the same unit as Stacy's. Although Ms. Stacy filed the proof of claim, she was no longer conservator at the time of the hearing on the Debtor's objection. Ms. Stacy's due process rights have not been violated, and there is no indication that she would have been interested in attending the May 7, 2004, hearing, as she neither appeared at the March 6, 2007, hearing, nor has she herself asserted a deprivation of due process.

B. *Section 502(j)*

 Even if Stacy's motion to reconsider was timely filed, it does not establish cause to reconsider the disallowance of his claim. Section 502(j) provides that a disallowed claim "may be reconsidered for cause." 11 U.S.C. § 502(j). Courts employ a variety of standards or tests to determine what constitutes "cause." *See In re Orsini Santos*, 349 B.R. 762, 772–73 (1st Cir. BAP 2006) (Feeney, J., dissenting) (explaining that, generally, courts conclude that either Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b)(1) define the cause, that Bankruptcy Rule 9023 and Federal Rule of Civil Procedure 59 define cause, or that some form of the excusable neglect standard supplies the cause standard); *In re Lambeth Corp.*, 227 B.R. 1, 7 n. 11 (1st Cir. BAP 1998) (describing several varieties of excusable neglect standards used in reconsideration contexts). Although the Bankruptcy Appellate Panel in this circuit has stated that "[m]otions for reconsideration are reviewed either under the 'excusable neglect' or the 'good cause' standard," it has not elaborated on what the "good cause" standard entails. *In re Lambeth Corp.*, 227 B.R. at 7 (applying the excusable neglect standard).

 The Court agrees with *In re Willoughby* that the issue of exactly what the proper standard for "cause" is has become "needlessly complicated." 324 B.R. 66, 73 (Bankr.S.D.Ind.2005). The bottom line is that the Court has broad discretion to determine whether cause exists. *See id.* (emphasizing the court's "substantial discretion" rather than "adopt[ing] a hard and fast rule as to what constitutes 'cause' or to make whatever rule it does apply dependent on how or when judgment was entered on the claim"); *In re Orsini Santos*, 349 B.R. at 772–73 ("Bankruptcy courts have substantial discretion in deciding what constitutes 'cause' for reconsider-

ing a claim pursuant to section 502(j).")
(Feeney, J., dissenting) (quoting *In re Coffman*, 271 B.R. 492, 498 (Bankr. N.D.Tex.2002)). The Court will therefore consider Stacy's arguments that cause exists.

First, Stacy repeatedly mischaracterizes the reason for the Court's disallowance of his claim at the May 7, 2004, hearing, stating throughout his motion to reconsider that the only reason his claim was disallowed was that it was unliquidated. However, the transcript of the hearing shows that the Court sustained the Debtor's objection for the following reason:

> [B]ased on the fact that [Stacy] did not appear and nobody appeared, and it appears that notice was given, and there's been no—and he was prior represented by Ms. Phelan [who] is surely competent bankruptcy counsel, I will sustain your objection to the claim.

(Ct. Doc. 105.) Building upon his misconception, Stacy argues that his claim should now be allowed because it has been liquidated by the probate court's July 13, 2005, order. The probate court order catalogues fiduciary breaches of Stacy's former conservator, Michel Roland Brault, and there is one section in which Brault and the Debtor are found jointly liable to Stacy for $191,083.82. However, the Debtor was not a party to the probate court proceedings. As such, the Court has serious due process concerns about the validity of this "judgment" with regard to the Debtor and is unconvinced that any claim against the Debtor has been liquidated. Regardless, Stacy's claim was not disallowed because it was unliquidated, and reconsideration does not hinge on whether the claim is now liquidated.

Next, Stacy asserts that the Debtor made false statements that induced the Court into dismissing the claim. It is true that, at the hearing, the Debtor represent-

ed Stacy's claim as lacking merit, though the transcript reveals that the Court did not disallow the claim for this reason. After listening to the Debtor make his case that Stacy's claim lacked merit, the following exchange took place:

> Debtor: So on my objection to the proof of claim, Your Honor, it's simply a completely unfounded claim.
>
> The Court: Well, that may or may not be true; and you say that, but, you know, I'm faced with a situation where somebody took the time to—not to file a one-page claim, but a claim that has numerous exhibits to it and numerous dollar amounts, with some specificity; and you just say it's bogus . . . .

(Ct. Doc. 105.)

In sum, Stacy has not shown cause under section 502(j). He has not alleged or shown that his delay in filing his motion to reconsider is due to excusable neglect, that newly discovered evidence has come to light, the existence of fraud, or any other grounds for reconsideration under Rule 60(b). And he has not shown that his claim is liquidated or that it has merit. Stacy had notice of the Debtor's objection to his claim, and Stacy failed to attend the hearing. Stacy waited two and a half years to seek reconsideration of the order, and almost a year and a half after the probate court supposedly liquidated his claim. Stacy's contention that allowance of his claim would not prejudice other creditors does not provide sufficient cause to warrant reconsideration of his disallowed claim and allowance of his amended claim.

### III. *Motion to Convert*

 Stacy urges conversion to Chapter 7 because as of the petition date the Debtor exceeded the unsecured debt limit set out in section 109(e) and is therefore ineligible for Chapter 13 relief. However,

"[a]ssuming sufficient notice of the plan and an opportunity for creditors to be heard on their objections to confirmation, an order confirming a chapter 13 plan has *res judicata* effect as to all issues dealt with under the plan, including the eligibility of the debtor for chapter 13 relief." *In re San Miguel Sandoval,* 327 B.R. 493, 511 (1st Cir. BAP 2005).

Confirmation of the Debtor's plan was heard at the same May 7, 2004, hearing at which Stacy's claim was disallowed. The Court issued an order confirming the Debtor's plan on May 12, 2004. Stacy and the other creditors received notice of the plan, one of which filed an objection. The Chapter 13 trustee filed a motion to convert, partly on the grounds that the Debtor exceeded the section 109(e) limit. However, the eligibility requirement was fulfilled upon the disallowance of Stacy's claim. Because Stacy had notice and an opportunity to be heard, the Court's May 12, 2004, order confirming the Debtor's plan is *res judicata* and binding on all parties under section 1327(a).

### CONCLUSION

Stacy's motions to seal the record and conduct hearings in camera are denied; Stacy's motions to reconsider the Court's order disallowing his claim and to allow his amended claim are denied; and Stacy's motion to convert is denied. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.