**In re Jeffrey PROSSER, Debtor.**

**Greenlight Capital Qualified, L.P.; Greenlight Capital, L.P.; Greenlight Capital Offshore, Ltd., Appellants.**

No. 08–3894.

United States Court of Appeals, Third Circuit.

Submitted pursuant to Third Circuit LAR 34.1(a) Dec. 1, 2009.

Opinion filed: July 23, 2010.

Robert F. Craig, Esq., Omaha, NE, Alex M. Moskowitz, Esq., A. Jeffrey Weiss, Esq., A.J. Weiss & Associates, St. Thomas, VI, for Debtor.

Richard H. Dollison, Esq., Stryker, Duensing, Casner & Dollison, St. Thomas, VI, Gregg M. Galardi, Esq., Angela M. Pappas, Skadden, Arps, Slate, Meagher & Flom, Wilmington, DE, for Appellants.

Before: McKEE, Chief Circuit Judge, FUENTES, and NYGAARD, Circuit Judges.

OPINION

McKEE, Chief Circuit Judge.

Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Capital Offshore, Ltd. (collectively "Greenlight") appeal an order of the district court affirming the order of the bankruptcy court denying Greenlight's objection to a proof of claim filed by Banco Popular de Puerto Rico ("BPPR").[1]

Inasmuch as the district court recited the factual background to this dispute in its Memorandum Opinion, we find it unnecessary to repeat that background here. *See In re Prosser,* 2008 WL 3979476 (D.Vi. Aug.22, 2008). The gist of Greenlight's argument here is that, pursuant to V.I. CODE ANN. Title 9, § 39(c),[2] stock in the Virgin Islands Community Bank ("VICB") owned by Jeffrey Prosser, the debtor and a director of the VICB, was non-transferrable and therefore could not be held as collateral for BPPR's loan to Prosser. We disagree. As the district court noted, Section 39(c) speaks only to the qualification and regulation of bank directors. *Id.* at

[1]. "An order allowing or disallowing a claim is a final, appealable order." *Orsini Santos v. Mender,* 349 B.R. 762, 768 (1st Cir.BAP2006) (citing *In re Perry,* 391 F.3d 282, 285 (1st Cir.2004)).

[2]. V.I. CODE ANN. Title 9, § 39(c) provides: "At least one-third of the total number of directors shall be bona fide residents of the United States Virgin Islands, and all shall be at least 21 years of age, and shall hold shares of the bank, subscribed in their name, of a par value of not less than $1,000 which shares shall be deposited in the bank while the said directors discharge their offices."

*3. Thus, the district court correctly held that "[n]othing in that section prevents the shareholder from using the stock as collateral to secure a loan." *Id.* at *2.

Accordingly, we will affirm substantially for the reasons set forth in the district court's Memorandum Opinion without further elaboration.